The STATE of Ohio, Appellee,

v.

OHLY, Appellant.

[Cite as *State v. Ohly,* 166 Ohio App.3d 808, 2006-Ohio-2353.]

Court of Appeals of Ohio,
Sixth District, Erie County.

No. E–05–052.

Decided May 12, 2006.

Kevin J. Baxter, Erie County Prosecuting Attorney, and Mary Ann Barylski, Assistant Prosecuting Attorney, for appellee.

Madry L. Ellis, for appellant.

HANDWORK, Judge.

{¶ 1} This case is before the court on appeal from the judgment of the Erie County Court of Common Pleas that, on June 10, 2005,[1] found appellant, Robert Ohly, to be in violation of the terms and conditions of his community sanctions and ordered appellant to serve his original prison term. Appellant's sentence, however, was modified to be served concurrently, rather than consecutively, for a total of four years of incarceration, with credit for time served.

{¶ 2} On July 11, 2005, appellant appealed his probation revocation and raises the following assignments of error:

{¶ 3} "1. The trial court erred when it revoked appellant's community control in violation of the state and federal constitutional standards for revocation hearings.

{¶ 4} "2. The trial court erred when it revoked appellant's community control based on insufficient evidence."

{¶ 5} On April 2, 2003, appellant Robert Ohly pleaded guilty to two counts of gross sexual imposition in violation of R.C. 2907.05(A)(4), each a felony of the third degree. On June 24, 2003,[2] appellant was found to be a sexually oriented offender and was sentenced to community sanctions on each count for a period of five years, to be served concurrently. The trial court further ordered that a prison term of four years would be imposed on each count, to be served consecutively, if appellant failed to comply with his community sanctions. Appellant's community sanctions included the following conditions: he was to (1) comply with the conditions of community sanctions and the conditions of probation as filed in the court, (2) serve six months in the Erie County Jail, (3) "have absolutely no contact with the victims, * * *, their parents and/or any of their siblings," (4) "have no unsupervised contact with anyone under the age of eighteen," and (5) "be referred for sex offender counseling in Lorain County as approved by the Adult Probation Department" and successfully complete any program, including aftercare, that is recommended.

{¶ 6} Based on allegations of probation violations, dated January 27, 2005, the trial court held a probation-violation hearing on June 9, 2005. Marley Lamey, probation officer with the Erie County Adult Probation Department, testified that appellant was her probationer since July 29, 2004. Lamey testified that appellant violated his probation by having unsupervised contact with children under the age of 18, by failing to complete an approved program of sex-offender counseling, and

---

1. The judgment entry was journalized on July 12, 2005.

2. The judgment entry of sentencing was journalized on July 9, 2003.

by failing to register with the sheriff's department as a sex offender in January 2005, after moving into a new residence.

{¶ 7} According to Lamey, Patricia Jacobs, at the Lorain County Domestic Relations Court, Juvenile Division, informed Lamey that appellant was living with children under the age of 18, and that their mother, appellant's daughter, worked some nights and weekends, during which appellant was alone with the children. Lamey testified that although she knew that appellant lived with his daughter, she believed the children in the home were over the age of 18. Lamey testified that Jacobs's information was obtained from one of the children in the household; however, the information was never verified by Lamey, and neither Jacobs nor any of the children testified at appellant's hearing. When this information came to Lamey's attention, in November 2004, she instructed appellant to move out of his daughter's home.

{¶ 8} Appellant obtained different housing in January 2005. Lamey testified that appellant told her he had registered his new address with the sheriff's department; however, this information was not true. As it turned out, appellant's residence was too close to a school, and he had to move again. Appellant moved into a third residence on February 1, 2005, and registered that address with the sheriff's department on February 2, 2005.

{¶ 9} Lamey further testified that as part of appellant's probation, he was required to attend and successfully complete a sex-offender counseling program, as approved by the probation department. Since being released from jail, in approximately October 2003, appellant attended three sex-offender counseling sessions at the Giving Tree in Port Clinton, Ohio, the last session being on November 29, 2004. Appellant was terminated from that program due to his failure to attend. Lamey testified that, normally, the Giving Tree sex-offender program lasts six months to a year.

{¶ 10} Lamey was aware that appellant was having problems getting to his sessions at the Giving Tree due to lack of transportation, and she testified that in July 2004 and January 2005, she told appellant that he could seek sex-offender counseling in Lorain County, where he lived. Lamey testified that she told appellant to "let [her] know what program he was going to do and [she] would look into it."

{¶ 11} Prior to the June 9, 2005 probation-violation hearing, appellant informed Lamey that he was attending counseling. Lamey testified that she had no information concerning the alleged program and asked appellant to bring information concerning his counseling program to the probation-violation hearing. Lamey testified that although appellant may have been enrolled in another counseling program, she had no personal knowledge of it, never approved it, and did not even know whether it was a sex-offender program. Lamey also testified

that the probation department had not been contacted by appellant's counseling service, and because appellant did not tell her where he was obtaining counseling, appellant's counseling program never obtained or received a copy of the presentence investigation report. Therefore, the counseling program had only the information that appellant disclosed to it regarding the nature of his conviction. Lamey stated that until she could find out more about this new program, she considered appellant to be in violation of the counseling condition.

{¶ 12} Appellant testified that he was very familiar with "every specific" condition of his probation and that "to the best of [his] knowledge [he] [hadn't] broken any." Regarding his living arrangements, appellant testified that he had been living in his daughter's home with minor children the entire time he had been on probation and that the residence had been checked out by the Lorain County Sheriff. Appellant first denied, and then admitted, that his daughter worked some nights and weekends, but testified that another adult was always present at those times, e.g., either his 20-year-old granddaughter, who also lived in the home, or one of his other daughters. Appellant testified that, when it was necessary, he would "walk down the street and ma[k]e sure [he] wouldn't come back until there was someone there."

{¶ 13} Regarding registering his address in January 2005 with the sheriff's department, appellant testified that he intended the move to be permanent, but had to move again after discovering that it was too close to a school. Appellant did not register this address, but stated that he properly registered his new address on February 2, 2005. Appellant testified that he did not recall telling Lamey that he had registered under his January address.

{¶ 14} Regarding his counseling requirements, appellant cites scheduling conflicts, health problems, and expense problems for his failure to meet the counseling requirement. Appellant testified that he did not attend a January 10, 2005 appointment at the Giving Tree because of the cost of his moves. Appellant testified that he talked to Lamey about this and she said "that's okay," because, as he understood it, the move was more important than the counseling.

{¶ 15} Appellant testified that he met with a counselor at Forensic Consulting Services in Elyria, Ohio, starting on April 9, 2005. In a letter dated April 26, 2005, the counselor gave an evaluation of appellant based on his "self-disclosure" and recommended that he come to them for treatment on a weekly basis. The letter documented three visits between April 9 and April 26, 2005, and referred the counselor's awareness of appellant's "conviction on two charges of Gross Sexual Imposition." Appellant testified that he continued to meet with this counselor every week since then. Appellant testified that he did not know if this was a sex-offender counseling program, but said that he had "gotten a much [more] thorough training and programming there than [he] did at the Giving

Tree." Appellant testified that he spoke to Lamey on or about June 1, 2005, regarding this new counseling service and was told to bring the information to the probation-violation hearing.

{¶ 16} The trial court found that there "may be some sketchiness" to the allegation of unsupervised contact with children. However, based upon appellant's contradictory testimony that his daughter did not, and then that she did, work some nights and weekends, the trial court found appellant's testimony to lack credibility. Also, the trial court found that if appellant was not having unsupervised contact with children while in his daughter's home, then appellant would have told Lamey when she asked him to move out of his daughter's house that he was not in violation of his probation; however, he said nothing.

{¶ 17} Regarding the requirement that appellant successfully complete sex-offender counseling, the trial court found that because appellant was very familiar with his conditions of community sanctions, he was aware that any program had to be approved by the probation department. However, rather than contacting Lamey in April, when his counseling at Forensic Consulting Services began, appellant did not inform Lamey about his counseling program until shortly before the June probation-violation hearing. Given the lateness of appellant's notice to Lamey, the trial court found that there would have been no way for Lamey to approve the program before the hearing. Finally, the trial court found that appellant "was trying to deceive his officer that he had registered" when he moved in January.

{¶ 18} This court has previously held that probation-revocation hearings need not include all of the protections of a criminal trial. *State v. Bland* (Feb. 21, 1997), 6th Dist. No. H–96–031, 1997 WL 77679. To support a finding for revocation of probation, the allegations need not be proven beyond a reasonable doubt but, rather, must be based only upon "evidence of a substantial nature showing that revocation is justified." Id., citing *State v. Cowles* (June 16, 1995), 6th Dist. No. F–94–029, 1995 WL 358536. Substantial evidence is akin to a preponderance-of-the-evidence burden of proof. *State v. Hayes* (Aug. 10, 2001), 6th Dist. No. WD–00–075, 2001 WL 909291. Substantial evidence is considered to consist of more than a mere scintilla of evidence, but somewhat less than a preponderance. *State v. Gomez* (Feb. 18, 1994), 11th Dist. No. 93–L–080, 1994 WL 102230, citing *Laws v. Celebrezze* (C.A.4, 1966), 368 F.2d 640, 642, and *Marker v. Finch* (D.C.Del.1971), 322 F.Supp. 905, 910, fn. 7.

{¶ 19} "The privilege of probation rests upon the probationer's compliance with the probation conditions and any violation of those conditions may properly be used to revoke the privilege." *State v. Bell* (1990), 66 Ohio App.3d 52, 57, 583 N.E.2d 414. Determination of the credibility of the witnesses is for

the trier of fact. *State v. Swiger* (1966), 5 Ohio St.2d 151, 156, 34 O.O.2d 270, 214 N.E.2d 417. A trial court's decision revoking probation will not be reversed absent a showing of abuse of discretion. *State v. Scott*, 6th Dist. No. L–04–1253, 2005-Ohio-4873, 2005 WL 2266626, ¶ 24.

{¶ 20} Probation-revocation proceedings are subject to the Due Process Clause of the Constitution. *Gagnon v. Scarpelli* (1973), 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656. A court must comply with the following minimum due process requirements at a final revocation hearing: (1) deliver a written notice of the claimed probation violations, (2) disclose to the probationer the evidence against him, (3) provide the probationer with the opportunity to be heard in person and to present witnesses as well as documentary evidence, (4) provide the probationer the right to confront and cross-examine witnesses, (5) provide the probationer with a neutral and detached hearing body, and (6) issue a written statement as to the evidence relied on and the reasons for revoking probation. *Columbus v. Bickel* (1991), 77 Ohio App.3d 26, 34, 601 N.E.2d 61, citing *Morrissey v. Brewer* (1972), 408 U.S. 471, 489, 92 S.Ct. 2593, 33 L.Ed.2d 484. The minimum due process requirements for revocation of probation, however, "should be flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial." *Morrissey*, 408 U.S. at 489, 92 S.Ct. 2593, 33 L.Ed.2d 484.

{¶ 21} Probation-revocation hearings are not subject to the rules of evidence and thus allow for the admission of hearsay evidence. Evid.R. 101(C)(3). "The rationale for the exception is that, since a probation revocation hearing is an informal proceeding, not a criminal trial, the trier of fact should be able to consider any reliable and relevant evidence to determine whether the probationer has violated the conditions of his probation." *Bickel* at 36, 601 N.E.2d 61, citing *State v. Miller* (1975), 42 Ohio St.2d 102, 106, 71 O.O.2d 74, 326 N.E.2d 259. Nevertheless, the admission of hearsay evidence at a probation-revocation hearing can compromise the probationer's due process right to confront adverse witnesses, as preserved by the fourth requirement of *Gagnon*. *Bickel* at 37, 601 N.E.2d 61. Thus, *Gagnon* protects a probationer's right to confront and cross-examine adverse witnesses at a probation-revocation hearing unless the sentencing court specifically finds good cause for not allowing the confrontation of a witness. Id. The introduction of hearsay evidence into a probation-revocation hearing is reversible error when that evidence is the only evidence presented and is crucial to a determination of a probation violation. *State v. Jones* (May 9, 1991), 8th Dist. No. 58423, 1991 WL 76031, citing *State v. Mingua* (1974), 42 Ohio App.2d 35, 39–40, 71 O.O.2d 234, 327 N.E.2d 791. See, also, *State ex rel. Hines v. Ohio Parole Bd.* (Dec. 5, 1995), 10th Dist. No.

95APE05–623, 1995 WL 723679 ("in most cases hearsay cannot form the sole basis for revocation of parole").

{¶ 22} In his first assignment of error, appellant argues that his rights of due process were violated when he was not given full disclosure of evidence against him and was not given the opportunity to confront and cross-examine witnesses against him. Specifically, appellant asserts that although he was presented with a probable-cause letter in January 2005, his hearing was not until June 9, 2005, he was not provided with any evidence from the Lorain County Domestic Relations Court regarding his alleged unsupervised contact with the children, and he was not given a complete disclosure of evidence against him on the other allegations. Appellant also asserts that Lamey's testimony regarding his unsupervised contact with children was entirely hearsay, that she admitted the claim was unsubstantiated, and that she could not produce the alleged letter from Lorain County regarding this allegation. Because Jacobs was not produced by the state, appellant had no opportunity to cross-examine her regarding this allegation. Appellant additionally argues that he should have been given the opportunity to cross-examine someone from the Giving Tree regarding his counseling with that program, and the person who told Lamey that he had not registered his address change in January 2005 should have been produced for cross-examination.

{¶ 23} Initially, we find that appellant failed to establish a violation of his due process right to have disclosure of the evidence against him. Appellant was provided with a probable-cause letter, dated January 27, 2005. This letter specifically identified the alleged violations against appellant, including the fact that, according to Jacobs, it was believed that the children were left alone in appellant's care. The trial court scheduled a probable-cause hearing on February 24, 2005, but appellant failed to appear. Additionally, we find that appellant's probation-violation hearing was originally scheduled for March 24, 2005; however, due to appellant's request for continuances, the hearing was not held until June 9, 2005.

{¶ 24} Additionally, we find that appellant was given a sufficient opportunity to cross-examine Lamey concerning the allegations that he failed to register his address in January 2005 and failed to complete an approved sex-offender program. Regarding registration, the allegation was that appellant lied to Lamey about having registered in January 2005. Thus, Lamey was the only person needed to testify regarding this allegation. Moreover, appellant admitted that he never registered his January 2005 address with the sheriff's department. As to appellant's failure to complete an approved sex-offender program, appellant admitted that he did not successfully complete the Giving Tree's program. We therefore find that it was unnecessary for the state to present another witness, besides Lamey, to establish this fact. Accordingly, we find that appellant was not

prevented from cross-examining the witnesses against him with respect to these violations.

{¶ 25} We find, however, that appellant was denied the opportunity to cross-examine his accusers regarding the allegation that he had unsupervised contact with children. Lamey had no firsthand knowledge that appellant was alone with his grandchildren. Jacobs apparently wrote a letter to the prosecutor stating that, according to one of the children, appellant was watching his grandchildren when their mother was at work; however, this letter was not produced as evidence at the probation-violation hearing. Lamey never independently substantiated this allegation, and Jacobs was not produced at the hearing for examination. Appellant testified that he was never alone with the children, but the trial court held that appellant was not a credible witness. Nevertheless, the only evidence that appellant was ever alone with children was through Lamey's testimony, which was based solely on hearsay and double hearsay.

{¶ 26} Hearsay is admissible in a probation-revocation hearing; however, courts have held that when it is the only evidence of a violation, it is insufficient and violates the probationer's due process right to confront the witnesses against him. In the absence of both the letter from Jacobs and any firsthand information concerning this violation, we agree with appellant that he was denied his due process right, as preserved by *Gagnon*, supra, to cross-examine witnesses against him. Nevertheless, based upon the state's ability to establish the other probation violations, we find that the trial court's determination that appellant had violated his probation was not an abuse of discretion.

{¶ 27} Appellant argues that there was not substantial evidence to establish that he had violated the terms of his probation. In particular, appellant asserts that at the time of his revocation hearing, "he was in compliance or at least substantial compliance with the terms of his community control." Appellant also argues that the trial court incorrectly applied a preponderance-of-the-evidence standard of proof rather than one of substantial evidence. We disagree.

{¶ 28} Appellant admitted that he had not registered his January 2005 residence with the sheriff's department. This is a clear violation of the terms of his probation. Additionally, although he was allegedly attending counseling, the program had not been approved by the probation department and it was not known whether it was a sex-offender program; even appellant did not know whether he was receiving sex-offender counseling. Because appellant was ordered to complete sex-offender counseling that was approved by the probation department, he is clearly in violation of this term of probation. Appellant could have presented a witness from Forensic Consulting Services to establish that he was being provided sex-offender treatment; however, appellant failed to do so.

{¶ 29} With respect to the applicable standard of proof, we find that evidence of a substantial nature is akin to a preponderance-of-the-evidence standard of proof. See *Hayes,* supra. Accordingly, we find that the trial court did not err by requiring an incorrect standard of proof.

{¶ 30} Based on the foregoing, we find that the trial court did not abuse its discretion in revoking appellant's probation. Appellant's first and second assignments of error are therefore found not well taken.

{¶ 31} On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair probation-revocation hearing, and the judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.

Judgment affirmed.

PIETRYKOWSKI and PARISH, JJ., concur.