I respectfully dissent from the majority's decision. It appears that the trial court and this majority have relied on Appellant's dismissal from the program at West Central CBCF as sufficient cause for finding a violation of his community control sanction, without regard to the reason for that dismissal. I would find that the reason for the dismissal is of paramount importance, and if Appellant was medically unable to continue, or if the CBCF simply chose to terminate him rather than to deal with health insurance problems, then it would be an abuse of discretion to find a violation and to impose a prison term for the perceived violation. Accordingly, the evidence of the reason for termination must come from someone in authority at the CBCF who has personal knowledge of the reason for termination. I would therefore find that hearsay evidence on this issue was improper, and Appellant was entitled to confrontation of the witnesses against him on that issue.
 {¶ 16} The majority correctly states that Gagnon v. Scarpelli (1973),93 S. Ct. 1756, and State v. Ohly, 166 Ohio App.3d 808, 2006-Ohio-2353, speak to the *Page 10 
requirement that the probationer be granted the right to confront and cross-examine witnesses. While hearsay testimony may be permitted on some issues, "[t]he introduction of hearsay evidence into a probation-revocation hearing is reversible error when that evidence is the only evidence presented and is crucial to a determination of a probation violation." Ohly, 2006-Ohio-2353 at ¶ 21 (citations omitted).
 {¶ 17} In this case, Probation Officer Carter was given official notice that Appellant was removed from the program for medical reasons. However, it is clear that the trial court relied on Probation Officer Carter's hearsay statements that personnel at the CBCF felt that Appellant was attempting to manipulate his way out of the program. The failure to require such statements to come from the actual declarant so that Appellant could confront the accusations and cross-examine the witnesses against him was a denial of due process and highly prejudicial.
 {¶ 18} Therefore, I would reverse the judgment of the trial court and remand this matter for a new hearing on the alleged violations. *Page 1