DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Sandusky County Court of Common Pleas, Juvenile Division, finding appellant, Justin F., to be in violation of the terms and conditions of probation/community control and ordering him to serve the term of his original commitment to the Ohio Department of Youth Services ("ODYS"). The original commitment order imposed commitment to the ODYS for a minimum of one year up to the age 21. *Page 2 
 {¶ 2} Appellant raises one assignment of error: "The trial court erred when it found the state had provided substantial evidence the appellant had failed to comply with the terms of his probation."
 {¶ 3} Appellant has argued that the only witnesses to testify at the hearing on the motion to revoke his probation and to lift the stay on his original sentence lacked firsthand knowledge of whether he violated the conditions of community control and, therefore, substantial evidence is lacking to support the judgment of the trial court.
 {¶ 4} Appellant was adjudicated a delinquent by a judgment entry signed on March 1, 2005, and journalized on March 2, 2005, for commission of a sexually oriented offense, in violation of R.C.2907.02(A)(1)(b), rape, a felony in the first degree. The order placed appellant under community control until further order, required community control rules to be in writing, and further provided that the rules would be incorporated into the judgment entry and "become an enforceable order of the Court."
 {¶ 5} The record includes a written description of the conditions of probation on a Sandusky County Juvenile Probation Department form signed by appellant, by his father, and by Probation Officer Debra A. Sachs dated March 1, 2005. Included in the listed conditions of probation on the form is a requirement that, "12. Youth and family must attend, pay for, and successfully complete sex offender treatment; counseling." Additional conditions included, "17. No access to pornographic material." The form also set forth the underlying sentence of confinement to the ODYS and that the court retained the authority to revoke or modify probation. *Page 3 
 {¶ 6} On May 11, 2007, the state filed a motion to revoke probation and to impose the commitment to the OD YS previously stayed by the court. The basis of the motion was the fact that the appellant was discharged from the Juvenile Residential Center of Northwest Ohio ("Center") and that the court had previously ordered appellant to successfully complete a sex offender treatment program.
 {¶ 7} Two witnesses testified at the hearing on the motion to revoke probation and to lift stay of commitment to ODYS — Probation Officer Debra Ann Sachs and Robert Gross, a counselor at the Center. Officer Sachs testified that she had served as appellant's probation officer from the point he was first placed on probation. She reviewed the rules of probation with him and he signed them. Sachs testified that, during the time appellant was at the Center, "we met constantly" due to appellant's "violating different safeguards" and "violating treatment." According to Sachs, appellant was "unsuccessfully discharged from JRC, because he was not working the program." Although Sachs considered appellant to be a talented artist, she testified that he engaged in drawings of a sexual nature at the Center and that his drawings became more deviant with time, despite treatment.
 {¶ 8} Robert Gross testified that he is a counselor at the Center and was a member of Justin's treatment team, but not his specific counselor. The treatment team consisted of Justin's specific counselor, Leah Rogalski-Davis, Gross and Bridget Ansberg, the Center's director. Among the duties of treatment teams is to review cases *Page 4 
and "try to come up with treatment options if previous treatment options or techniques haven't worked."
 {¶ 9} The Center's program for individuals with sexual issues is set up to permit an individual to be admitted and discharged in as little as nine months. The average is 11 to 12 months. Justin was treated at the Center for 12 to 13 months.
 {¶ 10} Gross testified that there was continued non-compliance with the treatment program by Justin throughout his stay at the Center. There was a "re-occurring theme" of Justin's "continual drawing of sexual pictures" and "writing out of sexual stories" regardless of the treatment attempted. According to Gross, there were "small moments of time where Justin has appeared to be cooperative and applying the techniques. However, those have never lasted for very long before, you know, another drawing, another picture, or something else that violates, you know, his sex offender treatment."
 {¶ 11} Counselor Gross testified that the treatment team terminated Justin from the treatment program because "[h]e was making minimal improvements in his treatment" and they had "exhausted all options that we could do to get the most out of Justin."
 {¶ 12} In its judgment entry of June 1, 2007, the trial court found that appellant "failed to complete sexual offender treatment by repeatedly failing to comply with his treatment program at JRCNWO [the Center]. As a result, he has been unsuccessfully discharged from JRCNWO and should be placed at ODYS until age 21."
 {¶ 13} After the trial court announced its decision from the bench, the state offered additional evidence to support its motion to vacate probation and to lift the stay on *Page 5 
commitment to the ODYS. The evidence included a detailed letter dated May 8, 2007, to the trial court from Counselor Leah D. Rogalski-Davis and Director Bridget Ansberg at the Center. It also included a May 7, 2007 sex offender assessment report on appellant, also signed by them. While admitting the materials into evidence, over objection, the trial court stated that its decision on the motion was based entirely upon the testimony at the hearing itself. "I admittedly read the report. I read the report. I admittedly read that a couple weeks ago when this issue was brought to my attention. But I'm basing my decision today on the substantial credible evidence that was presented through the testimony of Ms. Sachs and our other witness that there has been no compliance with the treatment program."
 {¶ 14} The standard of review of a trial court's decision to revoke probation is the abuse of discretion standard. State v. Ohly,166 Ohio App.3d 808, 2006-Ohio-2353, ¶ 19. An abuse of discretion connotes more than a mere error of law or judgment. It requires a showing that the trial court's decision was unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 15} There is no requirement to prove the facts supporting revocation beyond a reasonable doubt. Rather, the evidentiary burden is to prove "evidence of a substantial nature showing that revocation is justified." State v. Ohly, supra, ¶ 18. Such evidence is more than a scintilla and less than a preponderance of evidence. Id.
 {¶ 16} A juvenile court hearing to revoke probation is a dispositional hearing as defined under Juv. R. 2(M). In re Henderson, 12th Dist. Nos. CA2001-07-162 and *Page 6 
CA2001-09-228, 2002-Ohio-2575, ¶ 12. Juv.R. 33(B)(2) permits a juvenile court, in dispositional hearings, to "admit evidence that is material and relevant, including * * * hearsay." Hearsay, therefore, was admissible in the hearing to revoke appellant's probation. Even so, the type of evidence on which revocation of probation in this case was based was not of the type that was within the exclusive knowledge of the primary treatment counselor.
 {¶ 17} Clearly the most knowledgeable person concerning the day to day compliance by appellant with the requirement to attend and successfully complete sex offender treatment and counseling would have been his specific counselor at the Center, Leah Rogalski-Davis. Rogalski-Davis did not appear at the hearing. Other knowledgeable witnesses did testify, however.
 {¶ 18} The witnesses, who did testify, Sachs and Gross, established themselves at the hearing as involved in oversight of Justin's participation and progress in the sex offender treatment program in different capacities and knowledgeable of his failure to successfully complete it. The revocation of probation was not based on evidence of a single specific incident but, rather, testimony of a recurrent course of conduct occurring over a period of 12 to 13 months. The evidence supported a finding of noncompliance with treatment requirements, failure to provide full efforts towards rehabilitation, and failure to successfully complete the sex offender program as a result.
 {¶ 19} In our view, Officer Sachs and Counselor Gross held sufficient personal knowledge concerning appellant's participation in the Center's sex offender treatment *Page 7 
program that their testimony serves as substantial evidence supporting revocation of probation. Accordingly, the trial court did not abuse its discretion in revoking probation and lifting the stay of commitment of appellant to the OD YS as originally ordered. Appellant's assignment of error is found not well-taken.
 {¶ 20} On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair probation-revocation hearing and the judgment of the Sandusky County Court of Common Pleas, Juvenile Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R.24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Sandusky County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., William J. Skow, J., concur. *Page 1