OPINION *Page 2 
{¶ 1} Appellant, Michael Zobel, appeals the judgment of the Tuscarawas County Court of Common Pleas revoking his community control and imposing sentence.
 STATEMENT OF FACTS AND CASE {¶ 2} Appellant was indicted by the Tuscarawas County Grand Jury for one count of receiving stolen property a violation of R.C. 2913.51(A), a fifth degree felony, and two counts of receiving stolen property, in violation of R.C. 2913.51, both first degree misdemeanors.
 {¶ 3} On September 11, 2006, appellant pleaded guilty as charged in the indictment. Sentencing was deferred pending a pre-sentence investigation.
 {¶ 4} On October 12, 2006, appellant appeared for sentencing. Appellant was sentenced to a six month jail sentence for each of the misdemeanor counts and a twelve month sentence for the felony receiving stolen property. Appellant was placed on two years of community control sanctions. As a condition of community control he was ordered to refrain from the use of alcohol and was prohibited to be in a place where alcohol was present.
 {¶ 5} On November 3, 2006, law enforcement officers responded to appellant's residence to investigate an assault. During the investigation, the officers observed that appellant was under the influence of alcohol and was in the presence of open beer cans.
 {¶ 6} On November 15, 2006, the State filed a motion to revoke appellant's community control. The State argued that appellant violated condition numbers 1 and *Page 3 
15. Specifically, condition number 15 stated "I agree to fully participate in, and successfully complete, the following indicated sanctions/ special conditions: no alcohol".
 {¶ 7} On December 13, 2006, after a hearing, the trial court found that appellant violated the provisions of his release, revoked community control and imposed a twelve month sentence.[1] It is from this judgment that appellant now seeks to appeal, setting forth the following assignments of error:
 {¶ 8} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN REVOKING APPELLANT'S COMMUNITY CONTROL SANCTIONS.
 {¶ 9} "II. THE APPELLANT WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL."
 I {¶ 10} In his first assignment of error, appellant argues that the trial court abused its discretion in finding that appellant violated the terms of community control. We disagree.
 {¶ 11} "The privilege of probation rests upon the probationer's compliance with the probation conditions and any violation of those conditions may properly be used to revoke the privilege."[2]State v.Ohly, 166 Ohio App.3d 808, 2006-Ohio-2353, 853 N.E.2d 675, at paragraph 19, quoting State v. Bell (1990), 66 Ohio App.3d 52, 57, 583 N.E.2d 414. "Because a community control revocation hearing is not a criminal trial, the State does not have to establish a violation with proof beyond a reasonable doubt." Wolfson, Lawrence App. No. 03CA25,2004-Ohio-2750, at paragraph 7; see, also, *Page 4 State v. Payne, Warren App. No. CA2001-09-081, 2002-Ohio-1916; State v.Hylton (1991), 75 Ohio App.3d 778, 782, 600 N.E.2d 821. Instead, the state need only present "substantial" proof that a defendant willfully violated the community control conditions. See Hylton,75 Ohio App.3d at 782.
 {¶ 12} "The test ordinarily applied is highly deferential to the decision of the trial court and is akin to a preponderance of the evidence burden of proof. See State v. Alderson (Aug. 31, 1999), Meigs App. No. 98CA12, unreported. Accordingly, the court's conclusion must be sustained if there is competent credible evidence to support it.Id." State v. Hayes (Aug. 10, 2001), Wood App. No. WD-00-075. Additionally, the "[determination of the credibility of the witnesses is for the trier of fact." Ohly, at paragraph 19. See also, State v.Brank, Tusc. App. No. 2006AP 090053, 2007-Ohio-919.
 {¶ 13} Once a trial court finds that a defendant violated community control conditions, it possesses discretion to revoke the defendant's community control. In that event, appellate courts should not reverse trial court decisions unless a court abused its discretion.Wolfson, at paragraph 8; State v. Umphries (July 9, 1998), Pickaway App. No. 97CA45. Generally, an abuse of discretion connotes more than an error in law or judgment and implies that the court's attitude is unreasonable, arbitrary or unconscionable. See, e.g., State v.Bethel, 110 Ohio St.3d 416, 2006-Ohio-4853, 854 N .E.2d 150, at paragraph 95.
 {¶ 14} In this case, on October 12, 2006, appellant appeared in open court for sentencing. At the initial sentencing, the trial court indicated a reluctance to place appellant on community control due to his lengthy criminal history and substance abuse *Page 5 
concerns. However, due to appellant's recent employment history and overall appearance, the trial court granted community control giving appellant the following relevant instruction:
 {¶ 15} "* * *[Y]ou'll be on probation for two years.* * * You need to follow all the rules of the supervising agency * * * You'll be subject to random drug screening or alcohol screening. You need to use no drugs or alcohol, enter no bars, taverns or other establishments where the primary business is the sale of alcohol. You'll be subject to random screening for alcohol use." (Transcript of proceedings at page 22).
 {¶ 16} On December 13, 2006, at the violation hearing, the State introduced the sworn testimony of two law enforcement officers from the Norwalk Police Department, Patrolman Voltz and Sergeant Cook. The officers testified that on November 3, 2006, a female with serious facial injuries, reported that she had been assaulted by appellant. The officers responded to appellant's residence to investigate the allegation. At the time, the officers were not aware that appellant was on community control. The officers knocked on the door. Appellant answered and permitted officer Voltz to enter the apartment. Officer Voltz testified that after entering the apartment he observed a coffee table covered in open beer cans. He stated that appellant was the only person in the vicinity of the alcohol. He also observed that appellant appeared to be highly intoxicated. The officer further testified that he observed a strong odor of alcohol on appellant's breath, that appellant had glassy bloodshot eyes, and that appellant's behavior was extremely belligerent. (Transcript of Hearings at page 27).
 {¶ 17} Sergeant Cook testified that he assisted in the investigation. Sergeant Cook observed the odor of an intoxicating beverage on appellant's breath, and that *Page 6 
appellant had slurred speech and red and glassy eyes. Sergeant Cook also assisted in arresting and transporting appellant. Sergeant Cook testified that during the transport appellant smelled of alcohol, was hostile, argumentative and threatening. (Transcript of proceedings at page 49). Sergeant Cook also stated, that during the booking process, appellant continued to have a distinct odor of alcohol on his breath, glassy eyes, slurred speech, a hostile manner, and urinated on the floor. (Transcript of proceedings at page 52).
 {¶ 18} Thus, based on our review of the record, we find that the trial court did not abuse its discretion in determining that appellant violated the condition of community control stating "no alcohol". Accordingly, we hereby overrule appellant's first assignment of error.
 II {¶ l9} In appellant's second assignment of error he argues that appellant's counsel was ineffective for failing to call "others present in the apartment" to testify; that counsel failed to provide the court with pictures or a layout of the apartment; and that counsel failed to offer proof of appellant's employment.
 {¶ 20} It is well-settled that in order to establish a claim of ineffective assistance of counsel, appellant must show two components: (1) counsel's performance was deficient or unreasonable under the circumstances; and (2) the deficient performance prejudiced the defense.State v. Kole (2001), 92 Ohio St.3d 303, 306, 750 N.E.2d 148,Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674. To warrant reversal, the appellant must show that there is a reasonable probability that, but *Page 7 
for counsel's performance, the result of the proceeding would have been different. Strickland, 466 U.S. at 687.
 {¶ 21} In order to show that an attorney's conduct was deficient or unreasonable, the appellant must overcome the presumption that the attorney provided competent representation, and show that the attorney's actions were not trial strategies prompted by "reasonable professional judgment." Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052, 80 L.Ed.2d 674. Trial counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. State v. Sallie (1998), 81 Ohio St.3d 673, 675,1998-Ohio-343, 693 N.E.2d 267. Tactical or strategic trial decisions, even if ultimately unsuccessful, do not generally constitute ineffective assistance. State v. Carter (1995), 72 Ohio St.3d 545, 558,651 N.E.2d 965. Instead, the errors complained of must amount to a substantial violation of defense counsel's essential duties to his client. State v.Bradley (1989), 42 Ohio St.3d 136, 141, 538 N.E.2d 373.
 {¶ 22} Appellant has failed to meet his burden to establish ineffective assistance of counsel. Specifically, appellant has failed to establish how the testimony of additional witnesses and/or evidence regarding the apartment layout and/or evidence regarding employment history would have supported appellant's defense in light of the overwhelming evidence of a violation. Accordingly, appellant's second assignment of error is hereby overruled. *Page 8 
 {¶ 23} The judgment of the Tuscarawas County Court of Common Pleas is hereby affirmed.
By: Edwards, J.
 Hoffman, P.J. and Wise, J. concur *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Tuscarawas County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] The judgment entry of revocation was filed on December 21, 2006.
[2] Prior case law governing probation revocations applies to the revocation of community control. State v. Wolfson, Lawrence App. No. 03CA25, 2004-Ohio-2750. *Page 1