[Cite as *State v. Osborne*, 2011-Ohio-1625.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Julie A. Edwards, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 2010-CA-0080 |
| JACK OSBORNE | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Richland County Court of
                             Common Pleas Case No.


JUDGMENT:                    AFFIRMED

DATE OF JUDGMENT ENTRY:      March 30, 2011


APPEARANCES:

For Plaintiff-Appellee:                For Defendant-Appellant:

GREG D. BISHOP 0037719                 DALE MUSILLI 0038035
Assistant Richland County Prosecutor   105 Sturges Avenue
38 South Park Street                   Mansfield, Ohio 44903
Mansfield, Ohio 44902

*Delaney, J.*

{¶1} Defendant-Appellant, Jack Osborne, appeals the judgment of the Richland County Court of Common Pleas, finding him guilty of a community control violation, after being convicted in case number 05-CR-0468 of one count of Operating a Motor Vehicle Under the Influence (OMVI), a felony of the fourth degree, as of December 5, 2005.

{¶2} The trial court initially sentenced Appellant to a $10,000.00 fine, a three-year license suspension, thirty months in prison, suspended, and four years community control sanctions with the condition that Appellant complete a six-month residential treatment program, the DUI court program, pay child support, and submit to random drug testing.

{¶3} On November 15, 2007, Appellant was again arrested in Richland County for OMVI, as well as for violating his community control. On December 17, 2007, the trial court sentenced Appellant to fifteen months in the Lorain Correctional Institution for his community control violation. On July 2, 2008, the trial court sentenced Appellant on case number 07-CR-093 to three years in prison, to be served consecutively to his community control violation sentence in case number 05-CR-0468. Appellant was fined $1,500.00 and a three-year license suspension was imposed. The State agreed to judicial release after Appellant entered DUI Court subsequent to serving six months of his prison sentence.

{¶4} On March 17, 2010, after Appellant had been in prison for twenty-seven months, the trial court granted judicial release, and required Appellant to complete a residential treatment program at Licking-Muskingum Community Correction Center (LMCCC).

{¶5}    On April 22, 2010, Appellant was unsuccessfully discharged from LMCCC, having violated program rules regarding being dishonest to staff and having a detrimental attitude to the program and to others.  Appellant was then transported to Richland County Jail.

{¶6}    Appellant was arraigned on community control violations and was placed on an electronic monitoring device and house arrest on May 13, 2010.

{¶7}    On May 26, 2010, the trial court held a community control violation hearing and Appellant admitted that he was terminated from the LMCCC program; however, he argued that he was not given a chance to finish the program.

{¶8}    Appellant subpoenaed five witnesses during the mitigation portion of the proceedings in order to testify as to his participation in the program; however, the court permitted him to call two witnesses to testify.  The State did not call any witnesses to testify.

{¶9}    The trial court sentenced Appellant to serve the remainder of his three-year sentence on case number 07-CR-093.

{¶10}  Appellant raises four Assignments of Error:

{¶11}  "I. APPELLANT WAS DENIED HIS DUE PROCESS RIGHTS IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION AND THE [SIC] ARTICLE 10, SECTION 1 OF THE CONSTITUTION OF THE STATE OF OHIO.

{¶12}  "II. THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING THAT APPELLANT VIOLATE [SIC] THE TERMS OF HIS PROBATION.

{¶13} "III. APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.

{¶14} "IV. THE FINDING OF PROBATION VIOLATION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

I. & IV.

{¶15} In his first assignment of error, Appellant argues that he was denied due process because he was not afforded a preliminary hearing on his community control violation. *Gagnon v. Scarpelli* (1973), 411 U.S. 778. In his fourth assignment of error, he also argues that the trial court's finding was against the manifest weight of the evidence. We disagree.

{¶16} In *Gagnon v. Scarpelli* (1973), 411 U.S. 778, 786, 93 S.Ct. 1756, 36 L.Ed.2d 656, the United States Supreme Court held that the due process requirements of *Morrissey v. Brewer* (1972), 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484, with regard to parole violation hearings, were applicable to probation revocation proceedings. The minimal due process requirements for final revocation hearings include:

{¶17} " '(a) [W]ritten notice of the claimed violations of (probation or) parole; (b) disclosure to the (probationer or) parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers

or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking (probation or) parole.' " Id., citing *Morrissey*, supra, at 489.

{¶18} On May 26, 2010, the trial court afforded Appellant the equivalent of a preliminary hearing (termed a probable cause hearing) wherein Appellant was brought before the court for a hearing of the alleged violations of his conditions of supervision. Appellant admitted that he was guilty of the probation violation. Accordingly, there was no need for a formal hearing.

{¶19} Appellant proceeded to present witnesses as to why he was improperly terminated from the program. The trial court permitted him to call two witnesses in mitigation after he had admitted to violating his community control. At the conclusion of the witness testimony, the trial court stated, "You show yourself to be a very capable person as we have heard from some of the witnesses today. But you just play with the rules. You play around the edge of things, always trying to manipulate or work something out that you want to do something a little differently than the way things are set up. That's what gets you in trouble: Always thinking you are an exception to the rules, whether it is drinking or something else. I have nothing left to do but give you your original sentence of 3 years back."

{¶20} We do not find that the trial court violated Appellant's due process rights. Upon review of the record, we find the court's decision to revoke community control was properly documented, that appellant's due process rights were protected, and that the decision was not against the manifest weight of the evidence. Appellant admitted his guilt at the probable cause hearing, and the trial court was within its rights to sentence Appellant to the remainder of his sentence based upon that admission.

{¶21} Appellant's first and fourth assignments of error are overruled.

II.

{¶22} In Appellant's second assignment of error, he argues that the trial court abused its discretion in finding that Appellant violated the terms of his probation.

{¶23} The specific term of Appellant's probation was that he successfully complete the LMCCC program. Appellant admitted that he was terminated from the program before completing the program.

{¶24} In order for the judgment of the trial court to be considered to be an abuse of discretion, it must be found that the court's attitude is unreasonable, arbitrary or unconscionable. *State v. Maurer* (1984), 15 Ohio St.3d 239, 253, 473 N.E.2d 768.

{¶25} No abuse of discretion can be found in the present case. Appellant had been specifically warned not to deviate from his route to and from his dental appointment. Evidence was adduced that he had his mother stop and get him food and that he ate it in the parking lot before leaving the dentist. Moreover, evidence was produced that he bragged to at least two residents of the facility that he had gone to his house and had sex with his girlfriend while he was off campus.

{¶26} Accordingly, we find that the trial court properly found that Appellant violated the terms of his community control.

{¶27} Appellant's second assignment of error is overruled.

III.

{¶28} In Appellant's third assignment of error, Appellant argues that he did not receive the effective assistance of counsel.

{¶29} This Court has recognized claims of ineffective assistance in the context of appeals from community control proceedings. See *State v. Krouskoupf*, 5th Dist. No. CT2005-0024, 2006-Ohio-783. There is a two-pronged analysis in reviewing a claim for ineffective assistance of counsel. See *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373. First, we must determine whether counsel's assistance was ineffective; i.e., whether counsel's performance fell below an objective standard of reasonable representation and was violative of any of his or her essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the proceeding is suspect. This requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the proceeding would have been different. Id. Defense counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. *State v. Sallie* (1998), 81 Ohio St.3d 673, 675, 693 N.E.2d 267.

{¶30} Appellant first argues that counsel was ineffective for failing to require a probable cause hearing. Such an argument is meritless, as Appellant admitted to the allegations at the beginning of the probable cause hearing.

{¶31} Appellant next argues that counsel was ineffective for failing to object to hearsay testimony at the hearing. Generally, probation revocation hearings are not subject to the rules of evidence. The admission of hearsay evidence into a probation revocation hearing can only be construed as reversible error when it constituted the sole, crucial evidence in support of the probation violation determination. *State v.*

*Thompson*, 6th Dist. No. WD-06-034 ¶ 44, citing *State v. Ohly*, 166 Ohio App.3d 808, 2006-Ohio-2353.

{¶32} Appellant also argues that counsel failed to admit an exhibit at the hearing. Appellant, however, does not specify what this exhibit was in his brief.

{¶33} Having reviewed the record, we find no showing that appellant's counsel's performance fell below an objective standard of reasonable representation.

{¶34} Appellant's third assignment of error is overruled.

{¶35} Based on the foregoing, Appellant's assignments of error are overruled.

{¶36} The judgment of the Richland County Court of Common Pleas is affirmed.

By: Delaney, J.

Hoffman, P.J. and

Edwards, J. concur.

HON. PATRICIA A. DELANEY

HON. WILLIAM B. HOFFMAN

HON. JULIE A. EDWARDS

[Cite as *State v. Osborne*, 2011-Ohio-1625.]

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| JACK OSBORNE | : | |
| | : | |
| Defendant-Appellant | : | Case No. 2010-CA-0080 |
| | : | |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Richland County Court of Common Pleas is affirmed. Costs assessed to Appellant.

_____

HON. PATRICIA A. DELANEY

_____

HON. WILLIAM B. HOFFMAN

_____

HON. JULIE A. EDWARDS