[Cite as *State v. Huckaby*, 2015-Ohio-3302.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY


State of Ohio                                           Court of Appeals No. WD-14-028

    Appellee                                        Trial Court No. 12CRB02518

v.

Brianna Huckaby                                  **DECISION AND JUDGMENT**

    Appellant                                       Decided:  August 12, 2015

* * * * *

Matthew L. Reger, Bowling Green Prosecutor, for appellee.

Robert E. Searfoss, III, for appellant.

* * * * *

**JENSEN, J.**

{¶ 1} This is an appeal from a judgment of the Bowling Green Municipal Court that found defendant-appellant, Brianna N. Huckaby, in violation of the terms of her community control and ordered her to serve a portion of her original jail sentence.  For the reasons that follow, we affirm.

**Statement of Facts and Procedural History**

{¶ 2} On September 30, 2012, appellant, Brianna Huckaby, was arrested and charged with underage alcohol consumption, in violation of R.C. 4301.69(E)(1), a misdemeanor in the first degree. The maximum penalty for a first degree misdemeanor is 180 days in jail. R.C. 2929.24(A)(1). At the time, appellant was 19 years old and was arrested by a Bowling Green State University police officer.

{¶ 3} On November 5, 2012, appellant pled no contest to the charge. The trial court found appellant guilty as charged and ordered her to serve 30 days in jail. The court then suspended the sentence and imposed several forms of community control sanctions, including that appellant participate in an alcohol rehabilitation program, refrain from using illegal drugs, submit to random drug and alcohol testing, and notify the probation office of any change of address.

{¶ 4} On April 24, 2013, appellant was cited for a community control violation, specifically for her "unsuccessful discharge from New Concepts," an alcohol abuse treatment program. Appellant was ordered to appear in court on May 8, 2013. The summons was returned to the clerk's office, marked "return to sender, insufficient address, unable to forward." On May 29, 2013, a bench warrant was issued for appellant's arrest.

{¶ 5} Appellant appeared in court on August 28, 2013. Through her attorney, appellant admitted that she had missed "a couple of * * * individual sessions" but requested the "opportunity to successfully complete" treatment at New Concepts. The

2.

court ordered appellant to continue in her treatment and set the matter for a review hearing on November 6, 2013.

{¶ 6} Over the next seven months, the review hearing was postponed a total of six times, at least four of which were at appellant's request to allow her time to complete her treatment plan. Appellant completed treatment on March 27, 2014.

{¶ 7} The review hearing occurred on April 30, 2014, during which appellant's probation officer, Angela Morelock testified. Morelock intended to recommend that the trial court sentence appellant to 30 days in jail for her community control violation. Morelock felt the sentence was justified given appellant's discharge from New Concepts and her subsequent failure to complete treatment nearly a year after re-engaging there. On the day of hearing, however, Morelock received written confirmation that appellant had, in fact, completed her treatment. Accordingly, Morelock recommended that appellant serve 15 days in jail.

{¶ 8} Appellant also testified. She described herself as "very negligent in the treatment process." She did not dispute that her initial discharge from New Concepts was warranted. Once appellant re-engaged in treatment, she said there were a variety of reasons as to why it took seven months to complete the 12 week program. Among them was a lack of space in the program, staffing shortages at New Concepts, and cancellations due to winter weather. Appellant offered no corroborative evidence to support those claims.

3.

**{¶ 9}** The trial court found that appellant's testimony lacked credibility. By judgment entry dated April 30, 2014, it ordered her to serve nine days in jail.

**{¶ 10}** Appellant filed a notice of appeal on May 9, 2014. On June 20, 2014, this court granted appellant's motion to stay execution of sentence, pending her appeal.

**{¶ 11}** Appellant asserts one assignment of error for our review:

> FIRST ASSIGNMENT OF ERROR: The trial court finding Appellant in violation of community control and issuing sentence were abuses of discretion requiring reversal.

## Law and Analysis

**{¶ 12}** First, appellant argues that the trial court abused its discretion in ordering jail time because, when it ordered appellant back into treatment in August of 2013, it did not impose a deadline. Appellant concludes that her completion of treatment seven months later, however lengthy that may have struck the court, was not violative of any court order. In the absence of any violation, appellant argues that the court abused its discretion in ordering jail time.

**{¶ 13}** In a community control revocation proceeding, the state must present substantial evidence that the defendant violated the conditions of her community control. *State v. Miller,* 6th Dist. Fulton No. F-05-016, 2006-Ohio-4810, ¶ 13, citing *State v. Hylton,* 75 Ohio App.3d 778, 782, 600 N.E.2d 821 (4th Dist.1991). "Substantial evidence is considered to consist of more than a mere scintilla of evidence, but somewhat

4.

less than a preponderance." *State v. Ohly,* 166 Ohio App.3d 808, 2006-Ohio-2353, 853 N.E.2d 675, ¶ 18 (6th Dist.).

**{¶ 14}** A trial court's decision revoking community control will not be reversed absent a showing of abuse of discretion. *Id.* at ¶ 19. Because abuse of discretion connotes more than an error in judgment, we will not substitute our judgment for that of the trial court, and we will only reverse the trial court's judgment if its attitude was arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶ 15}** At the community control violation hearing, the trial court specifically based its nine day jail sentence upon appellant's discharge from New Concepts in April of 2013. As the court explained,

> When the defendant came in on the warrant [on August 28, 2013] * * * she was with [her first attorney] at the time. Typically, most defendants understand when I suggest that there will be an opportunity for one to reengage and I set a review date, * * * it is expected that the treatment is going to be completed by the review date.
>
> Then we get new counsel and we get continuances and continuances and continuances. *[T]he fact of the matter is that the defendant was in violation * * * as of April 24th [2013] or directly after * * * Ms. Morelock received notification from New Concepts that she had been washed out.* I wanted the defendant to have an opportunity and that's how it was

5.

presented to the Court when she appeared on the warrant that she wanted to get back into treatment and get going and get it done. It doesn't look like that happened. (Emphasis added.)

{¶ 16} We see no abuse of discretion by the trial court. "The privilege of probation rests upon the probationer's compliance with the probation conditions and any violation of those conditions may properly be used to revoke the privilege." *Ohly* at ¶ 19, quoting *State v. Bell*, 66 Ohio App.3d 52, 57, 583 N.E.2d 414 (5th Dist.1990). Appellant concedes that she was justifiably discharged from New Concepts in 2013. Moreover, the trial court found that appellant's excuses for her failure to timely re-engage in treatment were not credible. The trial court is entitled to deference on its findings of fact and determinations as to the credibility of witnesses. *Id.* at ¶ 19, citing *State v. Swiger*, 5 Ohio St.2d 151, 156, 214 N.E.2d 417 (1966).

{¶ 17} We hold that the undisputed evidence of appellant's discharge from New Concepts was sufficient to satisfy the "substantial" standard for proving a community control violation. Therefore, the trial court did not act unreasonably, arbitrarily, or unconscionably when it imposed part of the previously suspended jail sentence.

{¶ 18} Next, appellant suggests that the trial court abused its discretion when it rejected evidence of bias "relating to the credibility of the State's witness." Appellant does not elaborate, nor does she support her conclusion with any legal argument. We decline to address appellant's unsubstantiated claim. *See Dickenson v. Hartwig,* 6th Dist. Lucas Nos. L-03-1085, L-03-1148, 2004-Ohio-1330, ¶ 21 (Appellate court may disregard

assignment of error pursuant to App. R. 12(A)(2) and App.R. 16(A)(7) when party provides no argument on that assignment of error).

{¶ 19} Appellant's assignment of error is not well-taken. Based upon the foregoing, the April 30, 2014 judgment entry of the Bowling Green Municipal Court is affirmed. The stay of execution is hereby revoked. Appellant is ordered to pay the court costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.                          _____
                                                                    JUDGE
Stephen A. Yarbrough, P.J.

James D. Jensen, J.                           _____
CONCUR.                                                     JUDGE

                                                          _____
                                                                    JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.