[Cite as *State v. Brooks*, 2018-Ohio-2903.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHO | JUDGES: |
| | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Craig R. Baldwin, J. |
| | Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 17CA93 |
| CHRISTOPHER BROOKS | |
| Defendant-Appellant | O P I N I O N |


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Richland County Common Pleas Court, Case NO. 2016-CR-707 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | July 13, 2018 |
| APPEARANCES: | |


| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| MIKE DEWINE<br>Ohio Attorney General<br>By: MICAH R. AULT<br>615 W. Superior Ave., 11th Floor<br>Cleveland, Ohio 44113 | JOHN C. O'DONNELL<br>10 West Newlon Place<br>Mansfield, Ohio 44902 |

*Hoffman, P.J.*

{¶1} Appellant Christopher Brooks appeals the judgment entered by the Richland County Common Pleas Court finding him in violation of the terms of his community control and sentencing him to fifteen months incarceration. Appellee is the state of Ohio.

STATEMENT OF THE CASE AND FACTS

{¶2} On April 25, 2017, Appellant was convicted of aggravated assault upon a plea of guilty, and placed on four years community control. On August 28, 2017, his probation officer filed notice of violation of the terms of his probation. The violation notice included four counts: failing to notify his supervising officer of his residence; failing to pay court costs, fines and supervision fees; missing fourteen office visits with his supervising officer; and failing to report contact with police officers in July of 2017 when he was assaulted.

{¶3} The case proceeded to trial in the Richland County Common Pleas Court. Appellant admitted all violations except for failing to notify his probation officer of his residence. Appellant testified he had been assaulted and underwent surgery on his leg due to his injuries. He acknowledged not reporting the incident to his probation officer, but claimed he believed the investigating officer reported the incident to his probation officer. He testified he called his probation officer on May 5, 2017, to let him know, "I really particularly wasn't feeling doing probation[.]" Tr. 31. He testified his employer would not allow him to come back to work until he was off probation, and "then that's when I had decided to stop reporting." Tr. 34.

**{¶4}** The trial court found Appellant had not committed the first charge of violation of community control, failure to notify his probation officer of his residence. He found Appellant had committed the remaining three violations.

**{¶5}** Counsel requested a prison sentence based on Appellant's desire to not be placed on probation. The trial court noted Appellant's long criminal history, including four assault and battery convictions, drug abuse, two driving while intoxicated convictions, carrying a concealed weapon, receiving stolen property, theft, menacing, resisting arrest, criminal trespass, dangerous ordnance, obstructing officers, four disorderly conduct convictions, criminal damaging, two convictions of domestic violence, telecommunication harassment, and attempted aggravated assault. He had twice been sent to prison, in 2000 and again in 2005. The trial court sentenced Appellant to fifteen months incarceration. Immediately upon the court's oral pronouncement of sentence, Appellant stated, "I would like to appeal the sentence right now." Tr. 42.

**{¶6}** It is from the October 3, 2017 judgment finding Appellant in violation of community control and sentencing him to fifteen months incarceration Appellant prosecutes this appeal, assigning as error:

> "I. THE TRIAL COURT'S DECISION TO TERMINATE DEFENDANT/APPELLANT'S COMMUNITY CONTROL WAS NOT BASED ON 'SUBSTANTIAL PROOF.'
>
> "II. THE DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE FIFTH AND SIXTH AMENDMENTS TO THE UNITED STATES CONSTITUTION."

I.

**{¶7}**    Appellant argues the finding he violated the terms of his community control is against the manifest weight of the evidence.  He argues his injuries from the June 24, 2017, assault rendered him unable to make office appointments.  He further argues he was unable to work, thus he was unable to pay court costs and fines.  He also argues he believed the investigating officer would notify his probation officer about the assault, and therefore he was relieved of the responsibility for doing so.

**{¶8}**    In *State v. Taylor*, 5th Dist. Richland No. 17CA29, 2017-Ohio-8996, ¶25, we set forth the standard of review for revocation of community control:

A community control or probation revocation is not a criminal trial; therefore, appellee is not required to establish a violation of the terms of community control "beyond a reasonable doubt." *Ryan, supra*, 2007–Ohio–4743, ¶ 7, *citing State v. Hylton*, 75 Ohio App.3d 778, 600 N.E.2d 821 (4th Dist. 1991). Instead, the state must show "substantial" proof appellant violated the terms of his community control sanctions. *Id.* Substantial evidence is akin to a preponderance-of-the-evidence burden of proof. *State v. Ohly*, 166 Ohio App.3d 808, 2006–Ohio–2353, 853 N.E.2d 675, at ¶ 18, *citing State v. Hayes*, 6th Dist. No. WD–00–075, unreported, 2001 WL 909291 (Aug. 10, 2001). "Substantial evidence is considered to consist of more than a mere scintilla of evidence, but somewhat less than a preponderance." *Id.*, citations omitted.

{¶9} Appellant admitted missing fourteen visits with his probation officer, admitted he had not paid court costs and fines, and admitted he failed to notify his probation officer he had contact with police officers on the night of the assault. While he now argues his injuries prevented him from complying with the terms of his community control, Appellant testified on May 5, 2017, prior to the assault, he called his probation officer to let him know he "wasn't feeling doing probation." Tr. 31. He further testified upon contacting his old employer and finding out he would not be hired back while he remained on probation, he "decided to stop reporting." Tr. 34. He further admitted at the time he was sentenced for the underlying offense, he wanted to go to prison rather than being placed on probation. Tr. 24. Appellant's testimony demonstrated he did not intend to comply with the terms of his community control even before his injuries from the assault potentially impaired his ability to do so. Appellant's testimony alone provided substantial proof he violated the terms of his community control.

{¶10} The first assignment of error is overruled.

II.

{¶11} In his second assignment of error, Appellant argues counsel was ineffective for agreeing with Appellant in seeking a prison term rather than community control.

{¶12} A properly licensed attorney is presumed competent. *State v. Hamblin*, 37 Ohio St.3d 153, 524 N.E.2d 476 (1988). Therefore, in order to prevail on a claim of ineffective assistance of counsel, appellant must show counsel's performance fell below an objective standard of reasonable representation and but for counsel's error, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668,

104 S.Ct. 2052, 80 L.Ed.2d 674(1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). In other words, appellant must show that counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. *Id*.

**{¶13}** Appellant testified he wanted to go to prison rather than be placed on community control at the time of his original sentencing for aggravated assault. At sentencing in the instant case, Appellant again stated he had repeatedly asked to be sent to prison on the underlying offense. Appellant felt he was looking at a sentence between six and nine months because it had been so long since he had been convicted of a crime. Tr. 36. Counsel noted his history had been "benign" since 2004, and "by and large" Appellant had managed to stay out of trouble. Tr. 40. Counsel stated, "During the underlying case, he wanted prison is what I understand. So we are asking the court to impose that now." Tr. 40.

**{¶14}** Appellant relies on his immediate request for an appeal to argue while he wanted a prison sentence on the underlying case, he did not agree with counsel's request for prison in the instant case. However, it is not clear if he was unhappy with a prison sentence in lieu of probation, or with the length of the sentence imposed, as he believed he would receive a sentence of six to nine months and received fifteen months. Further, he did not express disagreement with counsel's request for a prison sentence at the time the request was made to the court.

**{¶15}** Appellant has not demonstrated had counsel argued for a community control sanction, the request would have been granted. The court noted Appellant's lengthy criminal history, particularly of "assaultive-type violent crime." Tr. 41. The record

is replete with references to Appellant's desire to be sentenced to prison rather than community control on the underlying case, and he demonstrated an intention to not comply with the terms of community control nearly from the beginning of his sentence in April of 2017.  In fact, when asked if he had the opportunity to work with Appellant, his probation officer Dan Myers testified, "I had an opportunity for him to be on my case load. I wouldn't characterize it as being working with him."  Tr. 6-7.  We find counsel was not ineffective in failing to seek a further community control sanction, and instead attempting to mitigate the length of the prison sentence imposed in this case.

{¶16}  The second assignment of error is overruled.

{¶17}  The judgment of the Richland County Common Pleas Court is affirmed.


By: Hoffman, P.J.

Baldwin, J.  and

Wise, Earle, J. concur