[Cite as *Lasalle Bank, N.A. v. Fulk*, 2011-Ohio-3319.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  |  | JUDGES: |
| LASALLE BANK, N.A. | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Julie A. Edwards, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2010-CA-00294 |
| DOUGLAS MARK FULK, ET AL. AND | : |  |
| DAWNETTA G. ANTONACCI | : |  |
|  | : | O P I N I O N |
| Defendant-Appellant |  |  |

CHARACTER OF PROCEEDING:       Civil appeal from the Stark County Court of
                               Common Pleas, Case No. 2009CV04577


JUDGMENT:                      Reversed and Remanded


DATE OF JUDGMENT ENTRY:        June 29, 2011


APPEARANCES:


For Plaintiff-Appellee                 For Defendant-Appellant

CHARLES ROBERT JANES                   CARLA BULFORD
Box 165028                             Community Legal Aid Services, Inc.
Columbus, OH 43216-4921                50 South Main St., Ste. 800
                                       Akron, OH 44308

*Gwin, P.J.*

{¶1} Defendant-appellant Dawnetta G. Antonacci appeals a summary judgment of the Court of Common Pleas of Stark County, Ohio, entered in favor of plaintiff-appellee LaSalle Bank, N.A. on its complaint for foreclosure of appellant's property. Appellant assigns a single error to the trial court:

{¶2} "I. THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT WHERE PLAINTIFF-APPELLEE FAILED TO PRODUCE CIV. R. 56 MATERIAL EVIDENCE OF AN INTEREST IN THE NOTE AND MORTGAGE."

{¶3} The issue here is whether appellee produced evidence of each element of its cause of action sufficient to justify summary judgment. For the reasons that follow, we find it did not.

{¶4} Appellant's statement pursuant to Loc. App. R. 9 asserts four genuine issues of material fact which preclude summary judgment: (1) plaintiff-appellee's status as holder of the note and mortgage; (2) appellee's identity as the real party in interest; (3) appellee's standing to foreclose; and (4) the amount due and owing.

{¶5} The record indicates appellee filed its complaint in foreclosure on November 30, 2009. The complaint alleges appellee is trustee for Structured Asset Investment Loan Trust 2004-11. The complaint does not allege appellee is the holder or the transferee of the note and mortgage, but it alleges the mortgage conveys to it an interest in the property. The mortgage attached to the complaint conveys an interest in the property to Option One Mortgage Corporation. Attempts at mediation resulted in appellant agreeing to a temporary forbearance plan. Among other documents attached to the complaint is a Loan Modification Agreement naming American Home Mortgaging

Servicing, Inc. as Servicer. The agreement states it modifies the original mortgage and names American Home Mortgaging Servicing as the payee. The agreement is signed only by appellant, not by appellee or American Home, and the complaint does not reference the agreement in any way.

{¶6} Appellant alleged she made two monthly payments on the temporary forbearance plan, in a lump sum of $1200. American Home Mortgage Servicing, Inc. stated it rejected appellant's payment, alleging appellant had not endorsed the forbearance agreement, although the agreement attached to appellee's complaint bears appellant's signature. American Home Mortgage Servicing alleged it returned appellant's check, but appellant asserts she did not receive it.

{¶7} On August 13, 2010, appellee filed a document captioned Notice of Assignment of Mortgage, a motion for summary judgment, and an affidavit regarding the account and military status.

{¶8} The Notice of Filing the Assignment of Mortgage states: "Attached hereto as Exhibit A is a recorded assignment of mortgage and reference to the captioned case." The attachment is a copy of a notarized assignment of mortgage which states Sand Canyon Corporation, FKA Option One Mortgage Corporation grants, bargains, sells, assigns, transfers, conveys, sets over, and delivers to appellee as trustee for Structured Asset Investment Loan Trust, 2004-11, the mortgage securing the payment of a promissory note signed by appellant. The assignment of mortgage is not a certified copy, nor is it accompanied by an affidavit testifying it is a true copy of the original.

{¶9} In appellee's affidavit regarding account and military status, Tonya Hopkins alleges she is a duly appointed officer of American Home Mortgage Servicing, Inc., successor in interest to Option One Mortgage Corporation, and competent to testify in the matter. The affidavit states American Home Mortgage Servicing, Inc. provides mortgage and foreclosure related servicing to appellee. The affidavit states that attached to it are Exhibits A and B, true and accurate copies of the original note and mortgage.

{¶10} The affidavit alleges a written notice of default was given in accordance with the terms of the note and mortgage, and because appellant did not cure her default on the monthly payments, the balance due under the note was accelerated. The affidavit states the affiant has personal knowledge of and access to records related to the promissory note and mortgage, and the amount due on the note principal is $104,602.09, plus interest. The affidavit also asserts neither appellant nor Douglas Mark Fulk, who also signed the mortgage, are in the military service.

{¶11} Appellant's argument is basically that appellee has not established the chain of title between appellee and the original mortgagee, Option One Mortgage Corporation. Appellant argues the affidavit in support omits any title, job description, or other supporting facts to establish the affiant has access to the records and has personal knowledge. Appellant also argues the Notice of Filing Assignment of Mortgage is not properly in the record because it is not supported by affidavit.

{¶12} In *Wachovia of Delaware, N.A. v. Jackson,* Stark App. No. 2010-CA-00291, ____ -Ohio____ this court discussed at some length what a plaintiff must attach in support of a motion for summary judgment in a foreclosure action. We stated:

{¶13} "To sum up, in order to properly support a motion for summary judgment in a foreclosure action, a plaintiff must present evidentiary-quality materials showing:

{¶14} "1.) The movant is the holder of the note and mortgage, or is a party entitled to enforce the instrument;

{¶15} "2.) if the movant is not the original mortgagee, the chain of assignments and transfers;

{¶16} "3.) all conditions precedent have been met;

{¶17} "4.) the mortgagor is in default; and

{¶18} "5.) the amount of principal and interest due.

{¶19} "The affidavits must show:

{¶20} "1.) the affiant is competent to testify;

{¶21} "2.) the affiant has personal knowledge of the facts, as shown by a statement of the operant facts sufficient for the court to infer the affiant has personal knowledge;

{¶22} "3.) the affiant must state he or she was able to compare the copy with the original and verify the copy is accurate, or explain why this cannot be done; and

{¶23} "4.) the affidavit must be notarized.

{¶24} "3.) any documents the affidavit refers to must be attached to the affidavit or served with the affidavit.

{¶25} "The documentary evidence must be:

{¶26} "1.) certified copies of recorded documents; or

{¶27} "2.) if business records, must be accompanied by an affidavit attesting that they are business records kept in the regular course of business;

**{¶28}** "3.) the affiant must be familiar with the compiling and retrieval of the records;

**{¶29}** "4.) the affiant must state the records are compiled at or near the occurrence of each event by persons with knowledge of said events; and

**{¶30}** "5.) the records must be authenticated by the custodian of the records or by another witness who has personal knowledge of the records."***

**{¶31}** Appellee asserts the assignment of mortgage does not need to be authenticated because it is a notarized document. We disagree. It is not a notarized document, but rather a copy of a notarized document. The copy does not state the volume and page wherein it is recorded, and it is not certified by the records custodian. We find it does not constitute proper evidentiary material upon which the court can rely in determining appellee has standing to foreclose on the note and mortgage.

**{¶32}** Appellee denies the appellant properly endorsed the forbearance agreement, but on remand it should explain the significance of the loan modification agreement signed by appellant and attached to appellee's complaint. It appears there is an issue of whether appellee retained and credited appellant's account with payments she submitted pursuant to the agreement.

**{¶33}** The assignment of error is sustained.

**{¶34}** For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is reversed, and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion.

By Gwin, P.J.,

Hoffman, J., and

Edwards, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. JULIE A. EDWARDS

WSG:clw 0614

[Cite as *Lasalle Bank, N.A. v. Fulk*, 2011-Ohio-3319.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

LASALLE BANK, N.A.                        :
                                          :
                Plaintiff-Appellee        :
                                          :
                                          :
-vs-                                      :        JUDGMENT ENTRY
                                          :
DOUGLAS MARK FULK, ET AL.AND              :
DAWNETTA G. ANTONACCI                     :
                                          :
                                          :
                Defendant-Appellant       :        CASE NO. 2010-CA-00294


        For the reasons stated in our accompanying Memorandum-Opinion, the judgment of

the Court of Common Pleas of Stark County, Ohio, is reversed, and the cause is

remanded to the court for further proceedings in accord with law and consistent with this

opinion.  Costs to appellee.


                                          _____
                                          HON. W. SCOTT GWIN


                                          _____
                                          HON. WILLIAM B. HOFFMAN


                                          _____
                                          HON. JULIE A. EDWARDS