**[Cite as *U.S. Bank Natl. Assn. v. Higgins*, 2012-Ohio-4086.]**

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
### MONTGOMERY COUNTY

U.S. BANK NATIONAL ASSOCIATION  :
:   Appellate Case No. 24963
   Plaintiff-Appellee  :
:   Trial Court Case No. 2010-CV-5470
v.  :
:
CHONDA B. HIGGINS, et al.  :   (Civil Appeal from
:    Common Pleas Court)
   Defendant-Appellant  :
:

. . . . . . . . . . .

## O P I N I O N

Rendered on the 7th day of September, 2012.

. . . . . . . . . . .

JASON WHITACRE, Atty. Reg. #0077330, LAURA C. INFANTE, Atty. Reg. #0082050 and JULIE TERRY, Atty. Reg. #0082098, The Law Offices of John D. Clunk, 4500 Courthouse Boulevard, Suite 400, Stow, Ohio 44224
  Attorneys for Plaintiff-Appellee, U.S. Bank National Association

GEORGE PATRICOFF, Atty. Reg. #0024506, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
  Attorney for Defendant-Appellee, Montgomery County Treasurer

ANTHONY R. CICERO, Atty. Reg. #0065408, Cicero Law Office, LLC, 500 East Fifth Street, Dayton, Ohio 45402
  Attorney for Defendant-Appellant, Brian Higgins

CHONDA B. HIGGINS, 7634 Morning Mist Circle, Dayton, Ohio 45426
  Defendant-Appellee, *pro se*

. . . . . . . . . . . . .

FAIN, J.

**{¶ 1}** Defendant-appellant Brian Higgins appeals from a summary judgment rendered against him in an action for foreclosure filed by plaintiff-appellee U.S. Bank National Association. Higgins contends that the trial court erred by rendering summary judgment against him, because U.S. Bank failed to demonstrate that it was the holder of the note and mortgage, by assignment. He further contends that because the assignment of the mortgage to U.S. Bank was executed after the filing of this action, U.S. Bank failed to demonstrate that it was the real party in interest with standing to bring the action.

**{¶ 2}** We conclude that there is evidence, competent under Civ. R. 56, upon which the trial court could rely in determining that the note and mortgage had been assigned to U.S. Bank. We further conclude that any defect with regard to U.S. Bank's standing and real-party-in-interest status was cured prior to the rendering of summary judgment, which we have found to be sufficient. *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 194 Ohio App.3d 644, 2011-Ohio-2681, 957 N.E.2d 790 (2d Dist.). Accordingly, the judgment of the trial court is Affirmed.

## I. The Evidence in Support of the Summary Judgment

**{¶ 3}** In 2007, Chonda Higgins gave a promissory note in the sum of $904,400 to First Franklin Financial Corporation. Simultaneously, Chonda Higgins and her husband, Brian Higgins, gave First Franklin a mortgage securing the note.

**{¶ 4}** On July 9, 2010, U.S. Bank filed a complaint asserting that the Higginses had defaulted on the note and mortgage. Attached to the complaint was a copy of the note executed by and between Chonda Higgins and First Franklin. Also attached to the complaint

was a copy of a mortgage deed executed by and between Chonda and Brian Higgins, as mortgagors, and First Franklin, as mortgagee. U.S. Bank sought judgment on the note in the amount of $891,335.37, with interest at the rate of 8.65%, as well as costs and advances. The complaint also sought a finding that the mortgage was a valid first lien upon the real estate, and an order that the mortgage be foreclosed and the property sold. U.S. Bank filed an amended complaint on July 13, 2010, which merely added a party-defendant without otherwise amending the text of the original complaint.

{¶ 5} U.S. Bank moved for summary judgment. Attached to the motion was the affidavit of Robert N. Peters, in which Peters made the following averments:

1. I am authorized to sign this affidavit on behalf of plaintiff, as an officer of Bank of America, N.A., which is plaintiff's servicer for the subject loan ("the Loan").

2. BANA maintains records for the Loan in its capacity as plaintiff's servicer. I am able to testify to the matters stated herein because I have personal knowledge of BANA's procedures for creating these records. As part of my job responsibilities for BANA, I am familiar with the type of records maintained by BANA in connection with the Loan.

3. The information in this affidavit is taken from BANA's business records. These records are: (a) made at or near the time of the occurrence of the matters recorded by persons with personal knowledge of the information in the business record, or from information transmitted by persons with personal knowledge; (b) kept in the course of BANA's regularly conducted business activities; and (c) it is the regular practice of BANA to make such records. I have personally reviewed the

attached records, and I make this affidavit from a review of those business records and from my personal knowledge of how said records are created and maintained.

4. U.S. Bank, National Association, as successor trustee to Bank of America, N.A. as successor by merger to LaSalle Bank N.A., as Trustee for Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-2 has possession of the note.

5. The business records attached, which I have reviewed are true and correct copies from the business records described above. They show Chonda B. Higgins defaulted and the amount stated in the attached business records is owed on the Loan.

6. Borrower defaulted on the note by failing to make payments due for April 1, 2010, or any subsequent installments. The indebtedness has been accelerated. The balance due on said loan is the principal sum of $891,335.37 plus interest at 8.65% per annum from March 1, 2010.

{¶ 6} Also attached to the motion for summary judgment are the following documents: (1) a document titled "Bank of America, N.A. Account Information Statement," which shows an unpaid principal balance of $891,335.37; (2) a legal description of the subject property; and (3) a copy of a July 13, 2010 document entitled "Assignment of Real Estate Mortgage," which indicates that:

Mortgage Electronic Registration Systems, Inc as nominee for First Franklin Financial Corp., and Op. Sub. Of MLB&T Co., FSB, * * * for value received has granted, bargained, sold, assigned, transferred and set over unto U.S. Bank, National Association, as successor trustee to Bank of America, N.A. as

successor by merger to LaSalle Bank N.A., as Trustee for Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-2 * * * a certain indentre [sic] of mortgage dated 22nd day of February A.D. 2007, made by Chonda Higgins and Brian Higgins (signing for the purpose of waiving any and all homesated [sic] rights and/or any and all dower or curtesy rights) wife and husband to it, securing the payment of one promissory note therein described for the sum of nine hundred four thousand four hundred and no/100 — dollars ($904,400.00) and all its right, title and interest in and to the premises situated in county of Montgomery State of Ohio * * * together with the said note therein described and the money due or to grow due thereon, with interest.

{¶ 7}    Higgins filed a memorandum in opposition to the motion for summary judgment, in which he argued that U.S. Bank failed to present sufficient evidence to prove that it is the holder of the note.  He also argued that because the assignment of the note was not executed until after the filing of the subject lawsuit, U.S. Bank lacked standing to file the action.

{¶ 8}    The trial court rendered summary judgment in favor of U.S. Bank.  Brian Higgins appeals.  Chonda Higgins has not appealed.

## II.  Copy of Recorded Assignment of Mortgage Was Sufficient
## Evidence to Establish that U.S. Bank Was Entitled
## to Enforce the Terms of the Note and Mortgage

{¶ 9}    Higgins's First Assignment of Error states:

THE TRIAL COURT ERRED BY ACCEPTING THE EVIDENTIARY MATERIAL PRESENTED BY PLAINTIFF AS SUFFICIENT TO OBTAIN SUMMARY JUDGMENT.

{¶ 10} Higgins contends that U.S. Bank did not present sufficient evidence to prove that it is the holder of the note and mortgage, because the copy of the assignment of mortgage to U.S. Bank is not sufficient documentary proof that U.S. Bank is the holder of the instrument. In support, Higgins cites *LaSalle Bank, N.A. v. Fulk*, 5th Dist. Stark No. 2010-CA-00294, 2011-Ohio-3319, for the proposition that a "copy of a notarized [assignment] document [which * * *] does not state the volume and page wherein it is recorded, and is not certified by the records custodian * * * does not constitute proper evidentiary material upon which the court can rely in determining appellee has standing to foreclose on the note and mortgage." *Id.* at ¶ 31. Conversely, U.S. Bank contends that this court is not bound by the holding in *LaSalle*.

{¶ 11} Summary judgment is proper only when the party moving for summary judgment demonstrates that: (1) no genuine issue of material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in that party's favor. Civ.R. 56(C). This court reviews summary judgment de novo, meaning that we do so independently and without deference to the trial court's findings of fact. *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 194 Ohio App.3d 644, 2011-Ohio-2681, 957 N.E.2d 790, ¶ 26 (2d Dist.).

{¶ 12} Civ.R. 56(C) provides that:

[s]ummary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule.

{¶ 13} Civ.R. 56(C) provides that the only types of evidence that may be considered are "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and any written stipulations of fact." Furthermore, the Rule states that "no evidence or stipulation may be considered except as stated in this rule." "Other types of documents may be introduced as evidentiary material only through incorporation by reference in a properly framed affidavit." *Mitchell v. Internatl. Flavors & Fragrances, Inc.,* 179 Ohio App.3d 365, 2008–Ohio–3697, 902 N.E.2d 37, ¶ 17 (1st Dist.).

{¶ 14} Civ.R. 56(E), which sets forth the requirements for affidavits in support of motions for summary judgment, states that affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit." "The requirement of Civ.R. 56(E) that sworn or certified copies of all papers referred to in the affidavit be attached is satisfied by attaching the papers to the affidavit, coupled with a statement therein that such copies are true copies and reproductions." *Schwartzwald, supra*, at ¶ 30.

{¶ 15}   The issue presented by this assignment of error is whether U.S. Bank met its burden on summary judgment of producing competent evidence to prove that it is   the holder of the note and the assignee of the mortgage.   In other words, did the trial court err by relying upon, for summary judgment purposes, a copy of the assignment of the mortgage, without requiring the submission of the original document.   We addressed this issue in *SFJV v. Ream*, 187 Ohio App.3d 715, 2010-Ohio-1615, 933 N.E.2d 819, ¶ 46-48 (2d Dist.), wherein we stated:

> "Proving the contents of a writing presents problems with hearsay, authentication, and the best evidence rule."   *State v. Carter*, 4th Dist. Ross No. 99 CA 2479, 2000 WL 1466189.   Evid.R. 801(C) defines hearsay as a "statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."   A "statement," as included in the definition of hearsay, is an oral or written assertion or nonverbal conduct of a person if that conduct is intended by him as an assertion.   Evid.R. 801(A).   "Evid.R. 802 mandates the exclusion of hearsay unless any exceptions apply."   *In re Lane,* 4th Dist. Washington No. 02CA61, 2003-Ohio-3755, at ¶ 11.   The relevant exceptions to the hearsay rule include business records, public records, and records of documents affecting an interest in property.   Evid.R. 803(6), (8), (14).

> Documents must be authenticated or identified prior to their admission into evidence. Evid.R. 901. This requirement is satisfied "by evidence sufficient to support a finding that the matter in question is what its proponent

claims." *Id.* Extrinsic evidence of authenticity is not required for certain documents to be admitted. Evid.R. 902. For example, certified copies of public records, commercial paper, and acknowledged documents are self-authenticating. Evid.R. 902(4), (8), and (9).

* * * "Duplicates" are admissible "to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances, it would be unfair to admit the duplicate in lieu of the original." Evid.R. 1003. Evid.R. 1001(4) defines a "duplicate" as "a counterpart produced * * * by means of photography, including enlargements and miniatures, or by mechanical or electronic re-recording, * * * or by other equivalent techniques which accurately reproduce the original."

{¶ 16} The assignment of mortgage in this case constitutes a document affecting an interest in property. It is therefore exempted from the hearsay rule under Evid.R. 803(14):

**Records of documents affecting an interest in property**. The record of a document purporting to establish or affect an interest in property, as proof of the content of the original recorded document and its execution and delivery by each person by whom it purports to have been executed, if the record is a record of a public office and an applicable statute authorizes the recording of documents of that kind in that office.

{¶ 17} The assignment in the case before us has a page with an acknowledgment by a notary. "Documents acknowledged by [a notary] are self-authenticating." *Ream, supra,* at ¶ 50, citing *Lorain Cty. Bar Assn. v. Kennedy*, 95 Ohio St.3d 116, 766 N.E.2d 151 (2002);

Evid.R. 902(8). The assignment also contains a notation regarding the fact that the assignment was filed of record on July 26, 2010 as 10-043540 in the Recorder's Office, Montgomery County. Furthermore, Peters averred that the copy of the assignment was a true and correct copy of the original.

{¶ 18} *LaSalle*, *supra*, which Higgins urges us to follow, is distinguishable. In *La Salle*, the copy of the assignment therein did not "state the volume and page wherein it is recorded, and is not certified by the records custodian." *LaSalle*, at ¶ 31. Based upon the facts in this case and Evid. R. 803(14), we conclude that U.S. Bank was not required to produce the original assignment of mortgage. Accordingly, we will review the exhibit/duplicate as if it were the original.

{¶ 19} We next turn to the issue of whether this document demonstrates that U.S. Bank is the holder of the note and mortgage. This court, in *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 194 Ohio App.3d 644, 2011-Ohio-2681, 957 N.E.2d 790, ¶ 35-40 (2d Dist.), has stated:

R.C. 1303.31(A) identifies three classes of persons who are "entitled to enforce" an instrument, such as a note: (1) the holder of the instrument, (2) a nonholder in possession of the instrument who has the rights of a holder, and (3) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to R.C. 1303.38 or R.C. 1303.58(D).

With respect to negotiable instruments, "holder" means either:

"(a) If the instrument is payable to bearer, a person who is in possession of the instrument;

"(b) If the instrument is payable to an identified person, the identified person when in possession of the instrument." R.C. 1301.01(T)(1).

"An instrument is transferred when it is delivered by a person other than its issuer for the purpose of giving to the person receiving delivery the right to enforce the instrument." R.C. 1303.22(A). The transfer of an instrument vests in the transferee any right of the transferor to enforce the instrument. R.C. 1303.22(B).

"Negotiation" is a particular type of transfer. Specifically, "negotiation" means "a voluntary or involuntary transfer of possession of an instrument by a person other than the issuer to a person who by the transfer becomes the holder of the instrument." R.C. 1303.21(A). "Except for negotiation by a remitter, if an instrument is payable to an identified person, negotiation requires transfer of possession of the instrument and its indorsement by the holder. If an instrument is payable to bearer, it may be negotiated by transfer of possession alone." R.C. 1303.21(B).

{¶ 20} In this case, the note attached to the complaint is payable to an identified entity, First Franklin Financial Corporation. Thus, only First Franklin could have negotiated the subject note by transferring the note and endorsing it to a specific person or to "bearer." "A bearer is defined as 'the person in possession of an instrument * * * payable to bearer or endorsed in blank.' " *Fifth Third Mtge. Co. v. Bihn*, 2d Dist. Montgomery No. 24691, 2012-Ohio-637, ¶ 19. (Citation omitted.)

{¶ 21} As noted above, the assignment of the mortgage clearly indicates the intent of

First Franklin to transfer the note along with the mortgage to U.S. Bank. This is sufficient to demonstrate that U.S. Bank is the holder of the note. Id. at ¶ 28.

{¶ 22} We conclude that there is sufficient, competent evidence to demonstrate that U.S. Bank is the holder of the note and mortgage with the right to enforce the same. Accordingly, Higgins's First Assignment of Error is overruled.

### III. Foreclosure Plaintiff Need Not Prove that it Was the Assignee of Mortgage at the Time of Filing of the Complaint; Proof that it Was the Assignee at the Time the Judgment Was Rendered Was Sufficient

{¶ 23} Higgins asserts the following for his Second Assignment of Error:

THE TRIAL COURT ERRED BY GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS PLAINTIFF DID NOT HAVE AN INTEREST IN THE PROPERTY WHEN IT SOUGHT JURISDICTION TO OBTAIN FORECLOSURE.

{¶ 24} Higgins argues that because the assignment of the mortgage was executed after the date this lawsuit was filed, U.S. Bank is not the real party in interest and cannot seek enforcement of the note.

{¶ 25} As noted by U.S. Bank, this court has already addressed this issue in *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 194 Ohio App.3d 644, 2011-Ohio-2681, 957 N.E.2d 790 (2d Dist.), wherein we stated that "the lack of standing or a real-party-in-interest defect can be cured by the assignment of the mortgage prior to judgment." *Id.* at ¶ 75. As in *Schwartzwald*, there is no dispute that U.S. Bank had the rights of the mortgagee and the

holder of the note when summary judgment was rendered. Therefore, the trial court did not err in overruling Higgins's objection to standing and jurisdiction.

{¶ 26}   Higgins's Second Assignment of Error is overruled.

## IV.   Conclusion

{¶ 27}   Both of Higgins's assignments of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

GRADY, P.J., and FROELICH, J., concur.

Copies mailed to:

Jason A. Whitacre
Laura C. Infante
Julia Terry
George Patricoff
Anthony R. Cicero
Chonda Higgins
Hon. Mary K. Huffman