[Cite as *State v. Stevers*, 2023-Ohio-3050.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

STATE OF OHIO,                      :

    Plaintiff-Appellee,            : CASE NO. 22CA11

    v.                             :

IAN STEVERS,                        : DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.           :

_____

APPEARANCES:

Kathleen Evans, Assistant State Public Defender, Columbus, Ohio,
for appellant[1].

Keller J. Blackburn, Athens County Prosecuting Attorney, and
Timothy Warren, Assistant Athens County Prosecuting Attorney,
Athens, Ohio, for appellee.

_____
CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED:8-22-23
ABELE, J.

    **{¶1}** Ian Stevers, defendant below and appellant herein,
appeals the Athens County Common Pleas Court judgment that revoked
his community control and sentenced him to serve the remainder of
his five-year prison sentence.

    **{¶2}** Appellant assigns one error for review:

        "MR. STEVERS WAS DENIED DUE PROCESS AND

_____
    [1] Different counsel represented appellant during the trial
court proceedings.

EFFECTIVE ASSISTANCE OF COUNSEL BY THE TRIAL
COURT'S REFUSAL TO CONTINUE HIS REVOCATION
HEARING. FOURTEENTH AMENDMENT TO THE U.S.
CONSTITUTION, AND ARTICLE I, SECTION 16, OHIO
CONSTITUTION."

{¶3} On December 5, 2018, in Case Number 18CR0408, appellant entered guilty pleas to (1) possession of heroin in violation of R.C. 2925.11(A), (2) possession of cocaine in violation of R.C. 2925.11(A), (3) aggravated possession of drugs in violation of R.C. 2925.11(A), and (4) aggravated possession of drugs in violation of R.C. 2925.11(A), all fifth-degree felonies. The trial court placed appellant under five years of community control.

{¶4} On February 1, 2021, appellant entered guilty pleas in two additional cases. In Case Number 20CR0013, appellant entered guilty pleas to (1) receiving stolen property in violation of R.C. 2913.51(A), a fourth-degree felony, and (2) having weapons under disability in violation of R.C. 2923.13(A)(3), a third-degree felony. In Case Number 21CR0003, appellant entered a guilty plea to vandalism in violation of R.C. 2909.05(B)(1)(b), a fifth-degree felony. The trial court placed appellant under five years of community control to be served concurrently.

{¶5} As part of the terms and conditions of appellant's community control, the trial court ordered appellant to: (1) remain a law-abiding citizen during supervision, (2) remain in Ohio, (3)

ATHENS, 22CA11

submit to a drug and alcohol assessment and follow all recommendations, (4) abstain from using or possessing illegal drugs or alcohol, (5) be subject to random substance abuse monitoring, (6) successfully complete the community-based correctional program (CBCF), (7) pay court costs, (8) report to the APA upon his release, (9) be screened for and, if found acceptable, successfully complete the Athens County Prosecutor's Office Vivitrol Program and all requirements, and (10) follow other conditions appellant's supervising officer deems appropriate.

{¶6} On June 22, 2022, appellee filed a Notice of Violation of Community Control that alleged: (1) on May 19, 2022 appellant failed to contact his supervising officer, (2) on June 2, 2022 appellant failed to contact his supervising officer, (3) on June 16, 2022 appellant failed to contact his supervising officer, (4) on June 21, 2022 appellant possessed fentanyl, (5) on June 21, 2022 appellant possessed methamphetamine, and (6) on June 21, 2022 appellant possessed a firearm.

{¶7} At the start of the June 30, 2022 community control violation hearing, appellant's counsel orally requested "a brief continuance" and stated that appellant's son had been "in and out of the Children's Hospital" for weeks and appellant and his girlfriend expected to hear about a follow-up appointment "any day

now." When the state opposed the continuance, the court stated: "I appreciate that he has a child in crisis. That doesn't obviate the fact that he hasn't reported for six weeks in a row. Got caught with Meth and fentanyl and has a firearm." Counsel then stated:

> Additionally your honor. I mean the Prosecutor's office did provide us pretty promptly with the uh, notices of violations and I believe Mr. Warren said this is day eight. But just about a half hour ago I was given this twenty-five page or so report from the Sheriff's office concerning then, I believe the last three violations. This is something I have not had the opportunity to review or prepare any kind of meaningful cross examination with whatsoever.

{¶8} The trial court responded: "What kind of time frame you looking to continue it? * * * I'm not going to continue it ad nauseam like we have, like I got fifteen cases from you people that are overdue that you haven't taken care of. So how long of a continuance are you suggesting?" Counsel stated that he "wouldn't need anything more than a week or two."

{¶9} At this point appellee reasserted its opposition to the continuance and noted that although the state is not required to provide discovery for probation violations and defense counsel did not request the report, the state would have provided copies if requested. Further, the state reiterated that to continue the case would inconvenience the two subpoenaed witnesses who appeared for the hearing.

{¶10} The trial court asked about the hearing date, to which the prosecutor replied, "He was arrested on the 21st. Violations were filed on the 22nd and then our office coordinated this date on the 24th." The trial court responded, "So we had uh, you guys picked the date. Well the motion will be overruled then. We will go forward."

{¶11} Athens County Sheriff's Deputy D.J. McCollister testified that on June 21, 2022, he and others visited appellant's address because he had not reported to his probation officer. Officers detained appellant when he answered the door and retrieved suspected fentanyl, methamphetamine, and LSD. Officers also retrieved several drug abuse instruments, three phones, and a firearm. While officers processed the scene, "several vehicles had showed up." Officers recognized some individuals as regular drug users and identified some by name.

{¶12} Before defense counsel began to cross-examine Deputy McCollister, counsel notified the trial court that one of the identified "regular drug users" had been a prior client. The court responded, "What * * * are the chances that drug offenders mentioned by the law enforcement officer are gonna have contact with your office. What are the outside chances? So what are you saying Mr. Chaves?" Defense counsel then stated, "I question my

full ability to actually, ethically do this case considering that an officer just listed a prior client of mine as relevant to the violations that are listed here." The trial court stated, "Well I don't know whether it's relevant. He just mentioned that it's a person he came into contact with. Who your office may have previously represented. So the Court is not fully convinced that there is a conflict there so. We are going to press forward." On cross-examination, Deputy McCollister acknowledged that the lab had not completed results from the seized substances.

{¶13} Adult Parole Authority Officer Ann Richardson testified that she supervised appellant in all three cases. Richardson reviewed with appellant all the probation conditions and he initialed and signed the form. On May 5, 2022, Richardson ordered appellant to report bi-weekly, and he failed to report on May 19, June 2, and June 16. On June 16, 2022, Richardson declared appellant "whereabouts unknown, violator at large."

{¶14} After Officer Richardson's testimony, the state rested. The trial court stated, "Mr. Chaves I'll give you uh, I'll give you the opportunity, uh, happy to continue the case a week or so to give you a chance to look at that report more fully and figure out if you want to call witnesses or not based on that since it was just handed to you." Counsel stated, "Your honor. No. At this

point the defense will rest." The trial court found probable cause for violations one, two, three, four, five, and six.

{¶15} At the July 6, 2022 hearing, Officer Richardson testified that appellant came onto her caseload in December 2018 and continued violation behavior and had been "through the violation process numerous times." Appellant also failed to complete the CBCF program and had numerous opportunities to get into treatment, but "has chosen not to take advantage of those opportunities." Richardson also testified that appellant had cases before her contact with him and had served prison time.

{¶16} On July 14, 2022, the trial court revoked appellant's community control and sentenced him:

> For Case 18CR0408, the Court sentences Defendant to serve six (6) months in the State Penal System for Count One, six (6) months prison for Count Two, six (6) months prison for Count Three, and six (6) months prison for Count Four. All counts of Case 18CR0408 shall run consecutive to each other for a total sentence of twenty-four (24) months.
>
> For Case 20CR0013, the Court sentences Defendant to serve twelve (12) months in the State Penal System for Count One and thirty-six (36) months prison for Count Two, to run concurrent to each other, for a total sentence of thirty-six (36) months prison for Case 20CR0013.
>
> For Case 21CR0003, the Court sentences Defendant to serve twelve (12) months in the State Penal System.
>
> The sentences for 21CR0003 and 20CR0013 shall run consecutive to each other but concurrent to prison term for Case 18CR0408, for a total aggregate prison term of

ATHENS, 22CA11

four (4) years.[2]

The trial court made consecutive sentence findings, ordered appellant to pay court costs and restitution, serve up to two years of optional post-release control and advised him about the consequences of a post-release control violation. This appeal followed.

**{¶17}** In his sole assignment of error, appellant asserts that the trial court's refusal to continue his revocation hearing denied him due process and effective assistance of counsel under the Fourteenth Amendment to the U.S. Constitution and Article I, Section 16, Ohio Constitution.

**{¶18}** In general, "[t]he grant or denial of a continuance is a matter which is entrusted to the broad, sound discretion of the trial judge. An appellate court must not reverse the denial of a continuance unless there has been an abuse of discretion." *State v. Unger*, 67 Ohio St.2d 65, 67, 423 N.E.2d 1078 (1981), citing *Ungar v. Sarafite*, 376 U.S. 575, 589, 84 S.Ct. 841, 11 L.Ed.2d 921

---

[2] At the revocation sentencing hearing, appellee notified the court that the July 14, 2022 sentencing entry incorrectly identified the sentence as four years instead of five years and appellee noted that the court should issue a nunc pro tunc entry to accurately reflect the sentence. The trial court issued a nunc pro tunc entry on August 24, 2022, but only corrected case numbers in the July 14, 2022 entry. Thus, the August 24, 2022 entry again repeated the cumulative sentence as four years. Consequently, the trial court may again consider this issue and enter a nunc pro tunc entry to correctly set forth appellant's sentence.

(1964), *State v. Conway,* 108 St.3d 214, 2006-Ohio-791, 842 N.E.2d 996, ¶ 147, *State v. Jones*, 91 Ohio St.3d 335, 342, 744 N.E.2d 1163 (2001).

{¶19} " '[A]buse of discretion' [means] an unreasonable, arbitrary, or unconscionable use of discretion, or * * * a view or action that no conscientious judge could honestly have taken.' " *State v. Kirkland*, 140 Ohio St.3d 73, 2014-Ohio-1966, 15 N.E.3d 818, ¶ 67, quoting *State v. Brady*, 119 Ohio St.3d 375, 2008-Ohio-4493, 894 N.E.2d 671, ¶ 23.

{¶20} A trial court that considers a motion to continue should "[w]eigh [] against any potential prejudice to the defendant * * * concerns such as a court's right to control its own docket and the public's interest in the prompt and efficient dispatch of justice." *Unger*, 67 Ohio St.2d at 67, 423 N.E.2d 1078. Therefore, when evaluating a request for a continuance, a court should also consider, inter alia:

> the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons to whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case.

*Id.* at 67-68.

**{¶21}** Appellant argues that the trial court did not apply a balancing test before it denied the request for a continuance. While it is a "basic due process right and indeed essential to a fair trial that a defense counsel be afforded the reasonable opportunity to prepare his case," *State v. Sowders*, 4 Ohio St.3d 143, 144, 447 N.E.2d 118 (1983), not every denial of a continuance violates due process. *Ungar*, *supra*, 376 U.S. at 589. This court has held, however, that "nothing requires trial courts to specifically articulate an analysis of each *Unger* factor." *State v. Dickens*, 4th Dist. Scioto No. 09CA3272, 2009-Ohio-4541, ¶ 13; *Fultz v. Fultz,* 4th Dist. Pickaway No. 13CA9, 2014-Ohio-3344, ¶ 20. Further, absent evidence to the contrary, we "must presume that the trial court applied the law [in this case, the *Unger* factors] correctly." *State v. Combs*, 18 Ohio St.3d 123, 125, 480 N.E.2d 414 (1985); *Hartt v. Munobe*, 67 Ohio St.3d 3, 7, 615 N.E.2d 617 (1993).

**{¶22}** Although appellant argues that the *Unger* factors favor the grant of his continuance request, based on our analysis of the *Unger* factors we disagree.

**{¶23}** The first *Unger* factor is the length of the delay requested. Appellant's counsel indicated that he "wouldn't need anything more than a week or two." Although a week or two does not necessarily equate to a long delay, the state argued that appellant

had been arrested on June 21, 2022, the state filed violations on June 22, and the parties coordinated the date on June 24. The trial court responded, "So we had uh, you guys picked the date. Well the motion will be overruled then." Although the delay requested was reasonably short, this factor is neutral.

{¶24} The second *Unger* factor is whether other continuances had been requested and received. The state concedes that this factor weighs in appellant's favor because it was appellant's first continuance request.

{¶25} The third *Unger* factor involves the inconvenience to litigants, witnesses, opposing counsel, and the court that results from a continuance. The trial court noted the presence of two subpoenaed witnesses in the courtroom, prepared to testify. Appellant argues that any inconvenience to the witnesses would have been "slight" because both witnesses, a deputy and a parole officer, "were present as a requirement of their employment." Although the witnesses' presence may have been a requirement of employment, that does not diminish the inconvenience if the trial court continued the hearing. *See State v. Colley*, 4th Dist. Scioto No. 09CA3323, 2010-Ohio-4834, ¶ 20 (continuance would have inconvenienced court, state, and various witnesses when request

made one business day before trial date); *State v. Jones,* 3d Dist. Defiance No. 4-5-11, 2015-Ohio-5443, ¶ 51 (fact witnesses "relatively local" did not diminish inherent inconvenience to the court, state, witnesses, and jury venire). Therefore, we conclude that this factor weighs in favor of appellee.

**{¶26}** The fourth *Unger* factor is whether the requested delay is for legitimate reasons or is dilatory, purposeful, or contrived. Appellant argues that he requested the continuance due to his child's health and ability to review discovery obtained just prior to the revocation hearing. Appellee, however, contends that appellant did not provide any documentation to the court about his alleged need to tend to his child, and "Ohio courts often conclude a party's uncorroborated allegation of medical issues, standing alone, is not enough to render a decision denying a continuance an abuse of discretion." *State v. Thacker*, 4th Dist. Lawrence No. 18CA21, 2020-Ohio-4620, ¶ 57, citing *Jacobs v. Jones,* 10th Dist. Franklin No. 10AP-930, 2011-Ohio-3319, ¶ 19. *See, e.g., Calvary SPV I, L.L.C. v. Furtado*, 10th Dist. No. 05AP-361, 2005-Ohio-6884, ¶ 8, 12 (determining the trial court did not abuse its discretion or commit plain error in not granting continuance when defendant left a telephone message for the court day before trial advising she would not be able to attend as a result of health issues, but

did not provide "affidavits in support" or any "medical evidence" that "would have been helpful * * * in persuading the trial court of the merits of defendant's contentions"); *State v. Naypaver*, 11th Dist. No.2008-T-0102, 2009-Ohio-4620, ¶ 28-31 (trial court did not abuse discretion in denying motions for continuance when the defendants, three members of a family, moved for a continuance on the uncorroborated statement that none of the family members could attend hearing due to the father's medical condition); *Hudson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 04AP-562, 2004-Ohio-7203 (trial court did not abuse discretion in denying motion for a continuance, based on "medical problems," when medical records did not support contention that she could not have sought a continuance prior to the morning of the trial at which the defendant's witnesses were present and ready to testify). *Thacker* at ¶ 57, citing *Jacobs* at ¶ 19. Thus, we do not believe appellant sufficiently documented his child's medical issues.

**{¶27}** In addition, appellant contends that defense counsel needed time to review the police report given to counsel 30 minutes before the revocation hearing. Appellee, however, argues that because a community control revocation proceeding is not a criminal proceeding, Crim.R. 16 discovery procedures do not apply to the revocation process.

**{¶28}** "Although a revocation proceeding must comport with the requirements of due process, it is not a criminal proceeding." *Gagnon v. Scarpelli*, 411 U.S. 778, 782, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). Therefore, not all protections afforded in a criminal trial apply to revocation proceedings. For example, the Ohio Rules of Evidence do not apply, Evid.R. 101(C)(3), there is no right to a jury trial, and the privilege against self-incrimination is not available to a probationer. *State v. Ferguson*, 72 Ohio App.3d 714, 716-717, 595 N.E.2d 1011 (3d Dist.1991), citing *Minnesota v. Murphy*, 465 U.S. 420, 435, 104 S.Ct. 1136, 79 L.Ed.2d 409, fn. 7 (1984). Further, the Rules of Criminal Procedure do not apply to revocation proceedings. *State v. Stafford*, 5th Dist. Tuscarawas No. 2000 AP 12 0095, 2001 WL 950692 (Aug. 16, 2001); *State v. Parsons,* 2d Dist. Greene No. 96CA20, 1996 WL 665004 (Nov. 15, 1995); *State v. Payne*, 12th Dist. Warren No. CA2001-09-081, 2002 WL 649403 (Apr. 22, 2002) * 2.

**{¶29}** Instead, a trial court must comply with the following minimum due process requirements: (1) deliver written notice of claimed probation violations, (2) disclose the evidence against the probationer, (3) provide probationer with the opportunity to be heard in person and to present witnesses, as well as documentary evidence, (4) provide probationer the right to confront and cross-

examine witnesses, (5) provide probationer with a neutral and detached hearing body, and (6) issue a written statement as to the evidence relied on and the reasons for revoking probation. *Columbus v. Bickel*, 77 Ohio App.3d 26, 34, 601 N.E.2d 61 (10th Dist.1991), citing *Morrissey v. Brewer*, 408 U.S. 471, 489, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); *State v. Ohly,* 166 Ohio App.3d 808, 2006-Ohio-2353, 853 N.E.2d 675, ¶ 20 (6th Dist.); *State v. Miller*, 42 Ohio St.2d 102, 326 N.E.2d 259 (1975).

{¶30} Appellee claims that this case is similar to *State v. Graham*, 5th Dist. Licking No. 21CA0031, 2022-Ohio-1770, where the court held that Crim.R. 16 discovery rules did not apply to a community control revocation proceeding, but observed that defendants in community control revocation hearings are entitled to some minimum due process rights as stated in *Gagnon*, including the disclosure of evidence. Appellee also claims this case is similar to the *Graham* court's conclusion that no due process violation occurred because appellant received notice of community control violations, had the opportunity to confront and cross-examine witnesses and had the opportunity to present her own witnesses and documentary evidence at the revocation hearing. *Graham*, *supra*, ¶ 41, citing *State v. Shuman,* 5th Dist. Stark No. 2009CA00271, 2010-Ohio-3957, ¶ 23.

{¶31} In the case at bar, our review reveals that appellee provided defense counsel a community control violation notice eight days before the hearing, appellant had the opportunity to cross-examine the state's witnesses, and the trial court offered appellant a brief continuance in order to call additional witnesses. See *also State v. Harden*, 5th Dist. Fairfield No. 02CA27, 2002-Ohio-4673 (trial court does not abuse its discretion in refusing to continue revocation hearing, especially when revocation is not premised upon information unknown to appellant). See also *Ohly*, 166 Ohio App.3d 808, 2006-Ohio-2353, 853 N.E.2d 675, ¶23 (defendant failed to establish a violation of due process right to have disclosure of evidence against him when state provided probable-cause letter identifying alleged violations). Thus, we conclude that this factor weighs in favor of appellee.

{¶32} The fifth *Unger* factor is whether the defendant contributed to the circumstances that gave rise to the continuance request. The state concedes that this factor weighs in appellant's favor.

{¶33} Finally, the sixth *Unger* factor incorporates any other relevant factors depending upon the case's unique facts. Appellee contends this factor weighs heavily in their favor. First, the allegations are serious because appellant did not report to his

supervising officer for six weeks, and when officers checked on appellant, they found methamphetamine, fentanyl, LSD and a firearm. Second, appellee argues that if appellant could not maintain contact with his supervising officer, the court could not be assured that he would return if it continued the hearing. Third, appellee points out that at the end of the first stage of the hearing, the trial court offered a continuance of "a week or two" for counsel to digest the police report and to call additional witnesses if needed before the second stage of the hearing. However, counsel indicated he did not need additional time.

**{¶34}** Appellant also contends that he received ineffective assistance of counsel because the trial court denied a continuance for arbitrary reasons that prevented counsel from providing effective assistance and denied appellant his right to due process. In particular, appellant argues that counsel could not properly prepare for the hearing because he could not thoroughly review the police report that related to three of the six alleged community control violations.

**{¶35}** To prevail on an ineffectiveness claim, a defendant must satisfy a two-prong test. Initially, a defendant must show that trial counsel acted incompetently. *See, Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In assessing

such claims, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " *Id.* at 689, citing *Michel v. Louisiana,* 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1955). However, even if a defendant shows that counsel did not provide competent representation, the defendant must then satisfy the second prong of the *Strickland* test. Under the "actual prejudice" prong, the defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

{¶36} After our review of the record, we do not believe that appellant demonstrated prejudice from the trial court's denial of his motion to continue, or any possibility that the outcome of the revocation hearing would have been different.

{¶37} Therefore, for all the foregoing reasons, we conclude that the trial court's denial of appellant's continuance request did not constitute an abuse of discretion. Consequently, we overrule appellant's assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed and appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of the proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Hess, J.: Concur in Judgment & Opinion

For the Court

BY:_____
                          Peter B. Abele, Judge

NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.